Bresnahan and wife vs. Bresnahan and wife.

---

BRESNAHAN and wife vs. BRESNAHAN and wife.

EQUITY: *Deeds of land, etc., by aged and infirm persons to their children, in consideration of their support, etc. (1: 1) Bond of grantee construed: sum named held a penalty. (1: 2) Power of court to rescind conveyance of land, etc., for breach of contemporaneous bond for support of grantors. (1: 3) Strict foreclosure of mortgage to secure fulfillment of covenants for support. (2) Accounting by defendant for excess of value of use of land over moneys paid by him.*

| 46 | 385 |
|----|-----|
| 74 | 10 |
| 46 | 385 |
| 78 | 600 |
| 46 | 385 |
| 86 | 661 |
| 46 | 385 |
| d95 | 438 |
| 46 | 385 |
| 99 | 483 |
| 46 | 385 |
| e113 | ¹315 |
| 46 | 385 |
| 57 LRA | 462 |

1. Plaintiffs, aged and infirm, gave a deed of all their real estate and a bill of sale of all their personal property to their son, who at the same time gave them his bond for $2,200, conditioned for the maintenance and support of the plaintiffs, payment of all their debts, etc., and also, to secure performance of his covenants in the bond, gave them a mortgage

on said real estate with covenant for payment of all taxes thereon.   There was no covenant in the bond to pay $2,200, or any other specific aggregate sum, nor any stipulation that said sum was intended to be liquidated damages.   In an action for a foreclosure of the mortgage and sale of the premises, and to annul the bill of sale for breaches of the bond: *Held*,

(1) That the sum of $2,200, in the bond, is a *penalty*, and it was error to treat the mortgage as one to secure payment absolutely of that amount, and direct sale of the premises to make the same.

(2) That the breaches of the conditions of the bond, alleged and found, are sufficient, on proper pleadings, to warrant judgment *rescinding the conveyance* as well as the bill of sale.   *Bogie v. Bogie*, 41 Wis., 209.

(3) That, under the actual complaint, judgment may and should be rendered declaring that defendants have forfeited their equity of redemption in the mortgaged premises, and that the whole title thereto has become absolutely vested in the plaintiffs; the prayer for a sale, in the complaint, being disregarded.

2.  The court below having found that the personal property disposed of by the principal defendant, and the value of the use of the land since the conveyance to him, exceeded the amount of all moneys paid by him to or for the plaintiffs, and the cost of their support during the same period, plaintiffs are entitled to an accounting to ascertain such excess, and to a judgment therefor when ascertained.

APPEAL from the Circuit Court for *Adams* County.

The plaintiffs, being the owners of certain real estate and personal property, and being very aged and infirm, executed to the defendant *John Bresnahan*, their son, a deed of such real estate and a bill of sale of such personal property; and at the same time *John* executed to them his bond for $2,200, in the condition of which he covenanted, among other things, to maintain and support the plaintiffs during their natural lives in a good, comfortable manner, and to treat them with the kindness, forbearance and respect due and suitable to their age and condition in life, and to pay, "in time to save said *Michael Bresnahan* harmless from all costs and expenses by reason thereof," all debts owing by the said *Michael*.   The defendant *John* also executed to the plaintiffs a mortgage of said real estate, to secure the performance by him of the covenants in such bond.   These instruments were executed

October 16, 1876.   The mortgage contains a covenant that the mortgagor will pay all taxes assessed against the mortgaged premises.

This action was brought to foreclose such mortgage, and to obtain a rescission of the bill of sale, for alleged breaches of the above covenants.   The complaint contains a prayer for the sale of the mortgaged premises.   The defendants answered, denying the breaches assigned, except the nonpayment of certain debts of the plaintiff *Michael*.

The court found as facts, among other things, that all the covenants above specified had been broken by the defendant *John*, and as conclusions of law, that the mortgage was given to secure the payment of $2,200, and that said sum was due from *John* to the plaintiffs.   Judgment of foreclosure and for the sale of the mortgaged premises, and payment to the plaintiffs of the sum so found due them, was entered.   The judgment also rescinds the bill of sale as to all the personal property remaining undisposed of.   The defendants appealed from the judgment.

The cause was submitted for the appellants on the brief of *John Turner*.   He contended, among other things, that the sum named in the bond was a penalty, not liquidated damages, citing *McKillip v. McKillip*, 8 Barb., 552; *Hawley v. Morton*, 23 id., 255; *Lampman v. Cochran*, 16 N. Y., 275; *Cotheal v. Talmage*, 9 id., 551; 2 Johns. Cas., 297; *Higginson v. Weld*, 14 Gray, 165; *Shute v. Taylor*, 5 Met., 61; *Burrage v. Crump*, 3 Jones' Law, 330; *Baird v. Tolliver*, 6 Humphrey, 186; *Swift v. Crow*, 17 Ga., 611; *Hammer v. Breidenbach*, 31 Mo., 49, 52; *Nash v. Hermosilla*, 9 Cal., 584; *Berry v. Wisdom*, 3 Ohio St., 245; *Lange v. Werk*, 2 id., 519; *Daily v. Litchfield*, 10 Mich., 29; *Carpenter v. Lockhart*, 1 Ind., 326; *Foley v. McKeegan*, 4 Iowa, 1; *Astley v. Weldon*, 2 Bos. & Pul., 346; *Kemble v. Farren*, 6 Bing., 141; *Davies v. Penton*, 6 Barn. & Cress., 216; Chitty on Con., 862–4; Sedgwick on Dam., 406–8; 2 Parsons on Con., 435; 1 Phillips on Ev., 167, and

other authorities. He further contended that the judgment was inequitable, because by it everything conveyed to defendant had been taken from him, and a large judgment besides rendered against him.

*P. G. Stroud*, for the respondent, argued, among other things, that if plaintiffs were entitled to any equitable relief, they were entitled to have all the equities between them and defendants growing out of the transactions in question, fully and finally settled in this action. The jurisdiction of a court of equity having once attached, it will be made effectual for all purposes of complete relief; and when equity and justice demand it, courts of equity will cancel conveyances and agreements, and, so far as may be, restore parties to their former condition. *Peck v. School District*, 21 Wis., 523; *Whelan v. Whelan*, 3 Cow., 537; *Fish v. Folley*, 6 Hill, 54; *Shaffer v. Lee*, 8 Barb., 412; *Schell v. Plumb*, 55 N. Y., 592; *Sears v. Shafer*, 6 id., 268; *Devereaux v. Cooper*, 11 Vt., 103; *Town of Royalton v. R. & W. T. Co.*, 14 id., 324; *Leach v. Leach*, 4 Porter (Ind.), 628.

LYON, J. We think the learned circuit judge erred in holding that the mortgage in suit was given to secure the payment of $2,200, and in giving judgment accordingly. It is apparent that no such covenant was in the minds of the parties, but that the mortgage was given to secure the performance, by the defendant *John Bresnahan*, of the covenants contained in the conditions of his bond, and those only. True, the condition of the mortgage is to pay $2,200; but it is to pay the same according to the condition of the bond, and we find in the bond no covenant to pay $2,200, or any other specific aggregate sum; neither is there any stipulation that the $2,200 named in the penal portion of the bond was intended to be liquidated damages. Under well settled rules, the sum so named must be regarded as a penalty. *Berrinkott v. Traphagen*, 39 Wis., 219; *Yenner v. Hammond*, 36 id., 277.

Although the testimony is not as clear and satisfactory as might be desired, we do not feel at liberty to disturb the findings of the learned circuit judge, that the defendant *John* has not always treated the plaintiffs with kindness and forbearance, nor maintained them in a manner suitable to their condition in life. We are unable to say that these findings are not sustained by a preponderance of evidence. It is admitted that the defendant *John* has failed to pay the taxes on the mortgaged premises for the year 1877, and that the land has been sold therefor; also that *John* has not paid all of his father's debts, and that one creditor has prosecuted his demand to judgment and execution against the father, and to satisfy the same has advertised a portion of the mortgaged premises for sale under the execution.

On the authority of *Bogie v. Bogie*, 41 Wis., 209, these breaches of the conditions of the bond and mortgage are sufficient, on proper pleadings, to warrant a judgment rescinding the conveyance of the real estate, and the bill of sale of the personal property, executed by the plaintiffs to their son. The complaint prays a rescission of the bill of sale; hence that portion of the judgment which rescinds it as to the personal property not disposed of, is unobjectionable.

The complaint contains no prayer that the conveyance to *John* of the real estate be rescinded, but asks that the mortgage be foreclosed. Had the action been for a rescission of such conveyance, that relief should have been granted. We perceive no difficulty, however, in the way of granting equivalent relief under the complaint in its present form. Instead of rescinding the conveyance, we think the court may give judgment in the nature of a strict foreclosure, to the effect that, by reason of the breaches of the condition of the bond for the maintenance of the plaintiffs, the defendants have lost their equity of redemption in the mortgaged premises, and that the whole title thereto has thereby become vested absolutely in the plaintiffs. Such a judgment will confirm the

plaintiffs'. title as effectually as would a judgment rescinding their conveyance to *John*.

· Manifestly, this action is not within the statute which provides that in an action to foreclose a mortgage upon real estate, if the plaintiff recover, the court shall render judgment of foreclosure and sale, etc. R. S., 816, sec. 3154. The statute relates only to cases of foreclosure where there is an outstanding equity of redemption in the mortgaged premises. The requirement that the premises be sold, is for the benefit of the owner of such equity of redemption and those interested in the estate under or through him. No such reason for a sale exists in this case; for, although the instrument sought to be foreclosed is in the form of a mortgage, and in its inception was a mortgage, by the default of the mortgagors it has become, in fact, an absolute conveyance to the plaintiffs. The judgment above suggested will establish the true character of the instrument, and is, we think, the only judgment in that behalf which can be upheld by the pleadings, proofs and findings in the case. The prayer for a sale of the mortgaged premises may be disregarded.

The case seems to be the same in principle as it would have been had the mortgagors released their equity of redemption by deed to the mortgagees. In that case the mortgage and release would vest the whole title in the mortgagees, and in a proper action the court would so adjudge without ordering a sale of the premises. Although the action might be in form for a foreclosure, in substance and effect it would be an action to remove an apparent cloud upon the title of the owner, to wit, the defeasance in the mortgage. Of course such an action would be unnecessary if the release is recorded, but might be necessary in case the release should be lost or destroyed without being recorded. It may be that an action to establish the release would be preferable, yet no good reason is perceived why equivalent relief could not be given in an action to bar and foreclose the apparent interest of the

mortgagor in the mortgaged premises, but which, in fact, he has released to the mortgagee. The only difference between such a case and the case under consideration is, that in one the equity of redemption is released to the mortgagee by deed, while in the other it is released by operation of law, resulting from the default of the mortgagor. In either case the mortgage is a conditional conveyance of the land to the mortgagee, and the right of the mortgagor to perform the condition and obtain a reconveyance is absolutely lost.

It is scarcely necessary to say, after what has already been said, that no time to redeem should be given, because there is no outstanding equity of redemption, and no person is entitled to redeem. The judgment should be absolute in the first instance.

· The circuit judge found "that the personal property disposed of by the defendant *John Bresnahan*, and the use of the farm for the year 1877, exceeded the amount of the indebtedness paid by him for the plaintiffs, and the support furnished by him to the plaintiffs, and all money or other things paid to or for the plaintiffs, or either of them." The plaintiffs are entitled to an accounting to ascertain such excess, and to a judgment therefor when ascertained. But inasmuch as their son is represented insolvent, probably they will not desire to avail themselves of such right.

*By the Court.* — The judgment of the circuit court is reversed, and the cause will be remanded for further proceedings in accordance with this opinion.