DELONG vs. DELONG and wife.

*December 15, 1882 — January 9, 1883.*

DEED.    *Conveyance from parent to child : Condition subsequent.*

1. Parents conveyed lands to their son and his wife subject to, and for no other consideration than, certain conditions expressed in the conveyance, intended to secure the means for the support and maintenance of the grantors, and to provide for the distribution of their estate after their death. *Held,* that such conditions were not mere covenants, but were *conditions subsequent* upon a breach of which the grantors might re-enter upon the lands.

2. Under a stipulation in such conveyance, the son is allowed the value of permanent improvements made by him, but is charged with all unpaid sums which were to have been paid by him to the father up to the commencement of the action.

APPEAL from the Circuit Court for *Kenosha* County.

The action is ejectment, to recover certain lands in Kenosha county. The complaint is in the statutory form. The answer is (1) a general denial; (2) an allegation that the defendants are the owners in fee of the lands claimed; and (3) a counterclaim for the value of permanent improvements made upon the premises by the defendants. The plaintiff, *George Delong,* is the father of *James H. Delong,* the defendant husband, and on October 10, 1874, was the owner of the lands claimed. On that day the plaintiff ·and his wife, of the one part, and the defendant *James H. Delong,* of the other part, executed an instrument in writing, duly sealed, attested, and acknowledged, in and by which the plaintiff and his wife conveyed in form to the defendants the lands in controversy, the same being the farm on which the plaintiff resided, and had resided for many years, with his family. This instrument contains numerous reservations in favor of the grantors, and numerous conditions to be performed by the grantee, which, by the terms of the instrument, are made conditions subsequent. Among these are the conditions that the grantee shall pay the grantors an annuity of $450

during their lives, and their daughter an annuity of $100 for fifteen years. Also, to pay certain specified sums to two brothers of the grantee after the death of the grantors, and to pay taxes and insurance on the buildings.

December 10, 1875, the same parties, together with the defendant *Mary Jane Delong*, duly executed a similar instrument containing the same or similar reservations and conditions. It is declared therein that the same was executed in the place and stead of the instrument of October 10, 1874, which was thereby " released, canceled, and made void, subject only to the provisions, limitations, and conditions hereof." The conveyance in the instrument of December 10, 1875, was expressly made subject to the conditions, etc., therein contained. The only consideration for either conveyance was the agreement of the grantees to perform such conditions. December 14, 1880, the plaintiff and the defendant *James H. Delong* executed another instrument, reciting that *James H.* had failed to perform the covenants and conditions of the instrument of December 10, 1875, and containing a stipulation by the plaintiff to the effect that if *James H.* should, within fifty days thereafter, pay him $2,500 in the manner therein specified, and $4,000 in addition thereto, he would duly convey to the said *James H.* the lands in controversy. *James H.* had the option to deliver the note of one Foster for the $2,500. The instrument contains the following clauses: " And it is further agreed by and between the said *George* and *James H.* that if the said *James H.* shall fail to pay to the said *George* the said sum of $2,500, or deliver to him, the said *George*, one or the other of such promissory notes as aforesaid made, or made and indorsed as aforesaid, and payable, with interest as aforesaid, within the time aforesaid, that then the interest, right, and title of the said *James H.* under, by reason or in virtue of the agreement hereinbefore mentioned, bearing date December 10, 1875, shall be and is hereby released and conveyed to the said

*George Delong*, to all intents and purposes. And, in that case, the said *James H.* may have the use and occupation of the buildings on said premises, and appurtenances, as now occupied by him only as the tenant of the said *George*, until the 1st day of April next, when his term in all and singular said premises is to end and be determined, and he is to remove therefrom."

This action was commenced March 9, 1881, but the buildings and appurtenances thus occupied by *James H.* are not claimed herein. The testimony on the trial tended to show numerous and substantial breaches by the defendants of the conditions in the instruments of October 10, 1874, and December 10, 1875, and showed conclusively an entire failure by *James H.* to perform the condition of the instrument of December 14, 1880. The circuit court nonsuited the plaintiff, who appeals from the judgment against him entered pursuant to such nonsuit.

For the appellant there was a brief signed by *Fish & Dodge*, of counsel, and oral argument by *Mr. Fish*.

*J. V. Quarles*, for the respondents, argued, *inter alia*, that the deed of October 10, 1874, created an equity of redemption which has never been released or foreclosed. As between the grantor and grantee that was a sale of the land, the several sums therein stipulated to be paid being the purchase price. Such sums are unalterably charged upon the land. *Wier v. Simmons*, 55 Wis., 637. The covenant to pay the third parties named may be enforced by them in an action in their own name, although the consideration did not move from them. *Putney v. Farnham*, 27 Wis., 187; *McDowell v. Laev*, 35 id., 171; *Kallock v. Parcher*, 52 id., 399. And such substantive cause of action survives the subsequent negotiation and agreements between the original parties. *Bassett v. Hughes*, 43 Wis., 319. For the purposes of construction, therefore, these several sums which *James* has irrevocably bound himself to pay are to be considered as

cash payments to apply upon the purchase price. The first deed, therefore, created the relation of debtor and creditor between *James* and his father; and such relation has not been changed by any of the subsequent agreements. The title conveyed by that deed, also, was to fail and the conveyance to be void if the grantee failed to pay the stipulated sums. The instrument was, therefore, in the nature of a mortgage; and *James*, having complied with the conditions from 1874 to 1879, had an equity of redemption in the premises. Jones on Mortgages, secs. 228 *et seq.; Chase v. Peck*, 21 N. Y., 583; *Markoe v. Andras*, 67 Ill., 34; *Carr v. Holbrook*, 1 Mo., 240; *Pugh v. Holt*, 27 Miss., 461; *Cayton v. Walker*, 10 Cal., 450; *Heist v. Baker*, 49 Pa. St., 9; *Rogan v. Walker*, 1 Wis., 527; *Knowlton v. Walker*, 13 id., 265, 270; *Lanfair v. Lanfair*, 18 Pick., 299. The second agreement left the relation of equitable mortgagor and mortgagee subsisting. Conditions which work a forfeiture are not favored, and when there is any doubt as to the proper construction, the courts will incline to treat such an instrument as an equitable mortgage. *Wier v. Simmons*, 55 Wis., 637; *Lawe v. Hyde*, 39 id., 345–356; *Lyman v. Babcock*, 40 id., 503; *Huff v. Nickerson*, 27 Me., 106; *Paschall v. Passmore*, 15 Pa. St., 307; 4 Kent's Comm., 129; *Musqat v. Pumpelly*, 46 Wis., 662; *Drew v. Baldwin*, 48 id., 532. If an equity of redemption existed under the first deed, the courts will not allow it to perish by any change in the form of the agreement while the relation of debtor and creditor continues. *Brinkman v. Jones*, 44 Wis., 498; *Odell v. Montross*, 68 N. Y., 499; *Peugh v. Davis*, 96 U. S., 332. If the two deeds be construed as upon condition subsequent, and the entire title had revested in the appellant by re-entry, then an equity of redemption was created by the last agreement which has never been released or foreclosed. *Button v. Schroyer*, 5 Wis., 598; *Baker v. Beach*, 15 id., 99; *Landon v. Burke*, 36 id., 378; *Northrup v. Trask*, 39 id.,

519; *Martin v. Scofield*, 41 id., 170. In any case, there-fore, an equity of redemption having arisen in favor of *James*, the action of ejectment will not lie. *Kent v. Agard*, 24 Wis., 378; *Brinkman v. Jones*, 44 id., 498. The last agreement must also be construed as a waiver of all right of action for condition broken. If a person in whose favor a condition is created once dispenses with it, in whole or in part, he cannot afterwards enter for a breach of the condition. 2 Washb. on R. P., 10; *Sharon Iron Co. v. Erie*, 41 Pa. St., 341; *Ludlow v. N. Y. & H. R. R. Co.*, 12 Barb., 440; *Southard v. Cent. R. R. Co.*, 26 N. J. Law, 13. The acceptance of any payment or benefit under a contract after condition broken is a waiver of such condition. *Gomber v. Hackett*, 6 Wis., 323; *Jolly v. Single*, 16 id., 280; *Miner v. Phœnix Ins. Co.*, 27 id., 693. Does not the acceptance of a covenant to pay the whole consideration in cash work the same result?

LYON, J. In *Bogie v. Bogie*, 41 Wis., 209, and *Bresnahan v. Bresnahan*, 46 Wis., 385, it was held that a court of equity will rescind a conveyance made by a father to a son, the only consideration for which is the covenant of the son to support and maintain his father, or his parents, if the son fail to perform such covenant. In the conveyance under consideration in each of these cases the obligation of the son rested in covenant, not in condition.

In *Blake v. Blake*, *ante*, p. 392, it was said, in substance, that in such a case stipulations in the conveyance might be held conditions subsequent, which in other and different cases would be held covenants merely. This is an application to this class of conveyances of the rule of construction which prevails in the case of a voluntary conveyance. *Horner v. C., M. & St. P. Railway Co.*, 38 Wis., 165.

The conveyances of October 10, 1874, and December 10, 1875, executed by the plaintiff and his wife to the defend-

ants, belong to the same class. Manifestly they were made to secure the means for the support and maintenance of the grantors and their daughter, and to provide for the distribution of their estate to their children after their decease. That was the sole consideration upon which the conveyances were made. Both conveyances contain apt and proper words, making the stipulations of the defendants, therein contained, conditions subsequent, a failure to perform which might work a forfeiture of their title to the estate. We find no difficulty in holding that these stipulations are conditions subsequent, and not merely covenants. It is undisputed in the case that there have been substantial breaches of those conditions. The instrument of December 14, 1880, executed by the plaintiff and the defendant *James H. Delong*, is either a mere proposition or offer by the plaintiff to sell the lands in controversy to *James H.* absolutely, at the price, and on the terms therein stipulated (which would convey to *James H.* no interest in the lands), or it is merely a waiver by the plaintiff of the breaches by *James H.* of the conditions contained in the former instruments, and a substitution therefor of new and different conditions. The new conditions, however, are in such case conditions subsequent, and there has been an entire failure by *James H.* to perform them. We are inclined to think the latter view of the instrument is the correct one.

It follows that when this action was commenced the plaintiff's right of re-entry upon the lands claimed for conditions broken was absolute and perfect as against both defendants, and he may maintain ejectment to enforce that right. The nonsuit was, therefore, erroneously granted. Under a stipulation in the conveyance of December 10, 1875, the plaintiff agreed to pay *James H.* the value of permanent improvements made by him in case of re-entry for conditions broken. No reason is perceived why the value of these improvements may not be ascertained in this action and allowed

to the defendants. The proper procedure in that behalf is prescribed by statute. R. S., 805, secs. 3096–3100. Against the value of such improvements, the plaintiff must be allowed all unpaid sums which, in the instrument of December 10, 1875, *James H.*, or the defendants, stipulated to pay the plaintiff to the commencement of this action.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.

