GILCHRIST, Respondent, vs. FOXEN, imp., Appellant.

*February 5 — March 16, 1897.*

*Deed, conditions subsequent: Foreclosure of mortgage, rights acquired by: Re-entry for condition broken: Merger.*

1. Recitals in a deed, showing that the consideration thereof was the payment by the grantee of a small mortgage and the support of the grantor during life and her decent burial when dead, constitute conditions subsequent, for a breach of which the grantor may re-enter and take possession, and will thereupon become re-vested with the title.

2. Every person acquiring any right, title, or interest, by deed, mortgage, or otherwise, in premises conveyed by a deed, which has been duly recorded, containing such recitals, takes subject to them, and the rights of the grantor are paramount.

3. Even though the grantor in such a deed is made a party to an action to foreclose a mortgage given by his grantee, his rights cannot be affected by the judgment therein. The provision of sec. 3169, R. S., that a judgment in foreclosure shall be "a bar to all claim, right or equity of redemption in the mortgaged premises against the parties to the action, their heirs," etc., must be understood as referring to such rights and interests as were or might properly have been litigated in the foreclosure action, and not to such as are paramount.

4. The holder of a mortgage which is subject to the paramount rights of the grantor of the mortgagor may foreclose the same and sell the premises under the judgment for the purpose of perfecting his title of record, notwithstanding he may have obtained a deed of the paramount title, and his rights as plaintiff in the foreclosure action will not become merged in his legal title. Yet, as a condition of relief against the purchaser at the foreclosure sale, he may properly be required to pay back the money received on such sale, with interest.

PINNEY, J., dissents.

APPEAL from a judgment of the circuit court for Portage county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This is a bill in equity to compel the defendants to release to the plaintiff all claims to the real estate described, and to quiet the plaintiff's title to the same. The facts appearing of

record are to the effect that on and prior to August 31, 1885, the defendant Magdalena was the owner in fee simple and in possession of the lands described. She was then a widow, and old and infirm. August 31, 1885, Magdalena, by warranty deed, conveyed said lands to her daughter Augustina Shopinski. Said deed recited that the consideration for the conveyance was " (1) payment of a note and mortgage of $150 to Martin Jazdziewski, and (2) the support of the party of the first part (Magdalena) in good manner during her life, and decent burial when dead." Said deed was recorded on the day and year last mentioned. The grantee in that deed (Augustina), with her husband, August 3, 1887, with the knowledge and acquiescence of Magdalena, conveyed to one Leon Cesinski a part of said premises, for the purpose of paying said $150 note and mortgage, and that deed was recorded August 3, 1887. May 9, 1889, said Augustina and her husband executed and delivered to the plaintiff their note and mortgage on the premises for $200, loaned to them by the plaintiff, which mortgage was duly recorded on the same day. October 3, 1890, Augustina and her husband executed and delivered to the plaintiff a second mortgage on the same premises, for $100, then and there loaned by the plaintiff to them, which last mortgage was duly recorded October 4, 1890. Magdalena lived on said premises with Augustina and her husband continuously down to October 10, 1890, when Augustina died, and Magdalena continued to live there with her son-in-law, Carl Shopinski, until October, 1891. In October, 1891, a large amount of interest being due on said notes and mortgages, and unpaid, the said Carl Shopinski sold and converted all his personal property into money, and absconded from the state, leaving Magdalena on said premises for two months in sole possession thereof, and in a destitute condition, compelled to rely upon the charity of her neighbors for support. In February, 1892, she was compelled to go and live with relatives in Chicago,

Gilchrist vs. Foxen.

April 19, 1892, the plaintiff began proceedings to foreclose his two said mortgages, and then ascertained for the first time that his said mortgages were subject to the prior title of Magdalena. Magdalena was made a party defendant to said foreclosure suit, together with Carl Shopinski, and service was made on them by publication. Carl could not be found, and Magdalena made no answer. In April, 1892, the plaintiff, finding the premises and the house thereon vacant and unoccupied, took possession thereof, by placing John Kosmatka, a tenant, thereon; that in the latter part of May, 1892, Magdalena returned from Chicago, and demanded possession of the premises from said Kosmatka, and the plaintiff, being advised of the prior rights and title of Magdalena, and that the same would not be cut off by such foreclosure, then and there surrendered possession to Magdalena, and the said Kosmatka attorned to and paid the rent to Magdalena from that time down to November, 1892. July 12, 1892, judgment was rendered in said action in the usual form of a judgment of foreclosure and sale, and was entered of record July 20, 1892, and it was therein adjudged that $521.84 were due to the plaintiff from said Carl Shopinski.

In September, 1892, Magdalena, being then and there in possession of the premises, retained counsel to protect her rights therein, and November 5, 1892, began an action in the circuit court in her name against Carl Shopinski, and Eva Shopinski, minor heir at law of Augustina, and the plaintiff herein, and said Kosmatka, for the purpose of asserting the prior title of said Magdalena, and for the purpose of divesting all the rights, title, and interest therein of the defendants in that suit, including the plaintiff herein. As the court found, her counsel, well knowing that said foreclosure proceedings did not in any manner affect or foreclose her rights therein, but, on the contrary, understood that a separate action could be maintained by her, as was commenced, to enforce and protect her rights under and by vir-

Gilchrist vs. Foxen.

tue of said deed from her to Augustina, dated August 31, 1885, advised Magdalena, and she, in accordance with their advice, November 16, 1892, executed and delivered to this plaintiff a certain warranty deed of said premises, in consideration whereof the plaintiff then and there paid to her $300, and accepted such deed, and the same was duly recorded November 17, 1892. At the same time, it was stipulated and agreed between them that the suit commenced by Magdalena be discontinued and settled, and the possession of said premises was then and there surrendered to the plaintiff, by then and there directing Kosmatka, tenant in possession under her, to attorn to the plaintiff, and that said tenant did then and there attorn to the plaintiff, who, in the afternoon and on the same day, rented and leased the premises to Kosmatka, who remained in possession as a tenant of the plaintiff until he was ousted by the writ of assistance on the said foreclosure sale in March, 1894. December 13, 1892, the defendant Carl Shopinski conveyed the premises to the defendant Malick by warranty deed, duly executed and delivered, and duly recorded on that day, in consideration of $150.

In the spring of 1893, Malick moved, upon affidavits, to set aside said judgment of foreclosure and sale, but the motion was wholly denied in July, 1893. Pursuant to said judgment of foreclosure and sale, said premises were duly sold October 16, 1893, by the sheriff, to the defendant *Foxen*, for $600, and the sheriff's deed thereon was duly executed and delivered to said *Foxen* on that day, and by him duly recorded. October 31, 1893, the said sale was duly confirmed by the court. Five hundred and ninety-one dollars and five cents of the amount of said bid was then and there paid to the plaintiff by the sheriff, and the balance of $8.95 was paid by the sheriff into court. The defendant *Foxen* was not present at the time of said sale, and was not and did not intend to become a purchaser at said sale, but re-

ceived the sheriff's deed for the purpose of securing a loan of $600 made to the lawyer who bid off the same in his name for himself and others, and who knew all the facts mentioned.

April 26, 1894, the plaintiff commenced this action against said *Foxen*, Carl Shopinski, Magdalena Jazdziewski, and Charles U. Malick for the purpose mentioned. The complaint and *lis pendens* were filed therein April 25, 1894. The defendant *Foxen* answered by way of admissions, denials, and counter allegations. At the close of the trial, the court found, in effect, the facts stated, and that the parties to the deed of August 31, 1895, intended thereby to create, and did create, a condition subsequent, and that, in the event of a breach of such condition by the grantee (Augustina), the said conveyed lands thereupon reverted to the grantor, Magdalena; that Magdalena intended to, and did, by and through her act of demanding and securing possession of the premises, enter upon said land, as and for condition broken, pursuant to the conditions in the deed from her to Augustina, and that she was in the sole, actual, and undisputed possession of the premises from May, 1892, down to November, 1892, as and for condition broken, as aforesaid, and that her taking such possession had that effect; that neither said Carl nor any other person or persons representing or pretending to represent the said Augustina had contributed to the support of the said Magdalena; that the value of the premises in 1892 and at the time of the trial hereof was about $1,100.

As conclusions of law, the court found, in effect, that the several parties claiming under Augustina were bound and held to the knowledge of the lawyer who so bid in the property at the foreclosure sale; that the purchaser at said foreclosure sale acquired, and could acquire, no greater rights than were obtained by the plaintiff by virtue of said mortgages; that the lawyer so bidding in the premises at the foreclosure sale admits a knowledge at the time of said sale of the equities of the plaintiff with reference thereto; that the deed

Gilchrist vs. Foxen.

from Magdalena to Augustina was given on the sole consid-
eration of maintenance and support, which was a condition
subsequent for the breach of which the grantor, Magdalena,
could and did re-enter said premises, and become vested as
and of her former title in fee simple absolute; that Novem-
ber 16, 1892, the plaintiff acquired the absolute title to the
premises in fee simple, by virtue of the deed from Magda-
lena, executed and delivered to him on that day, and went
into immediate possession of said premises thereunder; that
there was no merger of the title or interest acquired by the
plaintiff in the lands by said mortgages from Carl and Au-
gustina in said absolute title conveyed to the plaintiff by
Magdalena, and that the plaintiff is entitled to equitable
relief in so far as to keep said interest so acquired separate
and distinct; that it was the plaintiff's equitable right to
proceed with the sale of the premises pursuant to the judg-
ment of foreclosure and sale, for the purpose of perfecting
his title to said premises of record; that the plaintiff is en-
titled to a judgment for equitable relief quieting the title to
said premises as against the claims of the defendants and all
persons claiming under, by, or through them, upon his pay-
ing into court said $591.05, with legal interest from the re-
ceipt thereof by him down to May 27, 1894, and to judgment
confirming his title in fee simple to said premises; and that
he be put into possession thereof in and by virtue of the
judgment to be entered herein in favor of said plaintiff, and
against said defendants; and that the judgment herein should
command and direct *Foxen* to execute and deliver a quit-
claim deed of the premises in due form, so as to entitle it to
be recorded, to the plaintiff, and that the plaintiff be let into
possession of the premises, and that each and every one of
the parties to this action who may be in the possession of
the premises, either by himself, agent, servant, or tenant,
and every other person who since the filing of such notice
of the pendency of this action has come into possession of

Gilchrist vs. Foxen.

the same, or any part thereof, under them or either of them, deliver to the plaintiff, his heirs or assigns, possession thereof, and the plaintiff is entitled to a writ of assistance for that purpose, if necessary, which judgment is to be with costs and disbursements to be taxed in his favor and against *Foxen.*

From the judgment entered thereon accordingly, the defendant *Foxen* brings this appeal.

For the appellant there was a brief by *Raymond, Lamoreux & Park,* and oral argument by *B. B. Park.* They contended that the claimed condition in the deed from plaintiff's grantor to her daughter was simply a statement of the nature of the consideration, inserted after the description of the premises, and there was nothing in the deed itself, or in the evidence, to show that any condition was intended. *Strong v. Doty,* 32 Wis. 381; *Horner v. C., M. & St. P. R. Co.* 38 id. 165, 173; *Bogie v. Bogie,* 41 id. 209; *Wier v. Simmons,* 55 id. 637; *Lyman v. Babcock,* 40 id. 503; *Morse v. Buffalo F. & M. Ins. Co.* 30 id. 534; *Lawe v. Hyde,* 39 id. 345; *Donnelly v. Eastes,* 94 id. 390. The plaintiff's grantor had no legal title,— nothing but a personal right, enforceable only in equity,— to a cancellation of the deed to her daughter. *Webber v. Quaw,* 46 Wis. 118; *People ex rel. Stanton v. Tioga C. P.* 19 Wend. 73; *Noonan v. Orton,* 34 Wis. 259; *Meech v. Stoner,* 19 N. Y. 29. If there was a condition in that deed, only the grantor could take advantage of it. *Bangor v. Warren,* 34 Me. 324; *Underhill v. S. & W. R. Co.* 20 Barb. 456; *Nicoll v. N. Y. & E. R. Co.* 12 id. 460; *Hayward v. Kinney,* 84 Mich. 591; *Norris v. Milner,* 20 Ga. 563. The deed to plaintiff simply extinguished his grantor's claim on the land for her support. He could not hold paramount title under it separate from his title under his mortgages. Having procured the judgment of foreclosure and the sale under it, and having received the money, he is estopped from claiming that the sheriff's deed does not convey the whole title. *Kaehler v.*

*Dobberpuhl*, 60 Wis. 256; *Carter v. Smith*, 23 id. 497; *Williams v. Stevens Point L. Co.* 72 id. 487; *Field v. Doyon*, 64 id. 560.

For the respondent there was a brief by *Brennan, Synon & Frost*, and oral argument by *John H. Brennan*.

Cassoday, C. J.  1. The deed from the mother (Magdalena) to her daughter (Augustina), delivered and recorded August 31, 1885, contains provisions that it was given in consideration of the payment by the daughter of the prior mortgage on the premises of $150, and the support by her of her mother, "in good manner during her lifetime, and decent burial when dead." Such being the express provisions of the deed so on record, it is very obvious that every person acquiring any right, title, or interest in the premises, from, through, or under the daughter, or her husband, or both, by deed, mortgage, or otherwise, necessarily took and received the same subject to those provisions contained in the deed. *Schwallbach v. C., M. & St. P. R. Co.* 69 Wis. 292. It was there held that "the recording of a deed is constructive notice of its existence and contents to all subsequent purchasers of the land, and renders them subject to whatever covenants therein run with the land."

2. It necessarily follows that the two mortgages executed by the daughter and her husband to the plaintiff were both subject to such provisions in the deed. This being so, the foreclosure of such mortgages by this plaintiff did not have the effect to cut off, nor in any way impair, such paramount rights secured to and reserved by Magdalena in her deed to her daughter, notwithstanding she was made a defendant in such foreclosure suit. *Strobe v. Downer*, 13 Wis. 10; *Straight v. Harris*, 14 Wis. 509. There is nothing in the record to show and there is no claim that the complaint in the foreclosure suit made any attack upon such prior and superior

Gilchrist vs. Foxen.

right of Magdalena, so secured and reserved in her deed. The service upon her was by publication, and she did not answer nor appear in the case. The statute declares, in effect, that, upon such foreclosure and sale and the confirmation thereof, the sheriff's deed "shall vest in the purchaser all the right, title, and interest of the mortgagor, his heirs, personal representatives, and assigns, in and to the premises sold, and shall be a bar to all claim, right, or equity of redemption therein, of and against the parties to such action, their heirs and personal representatives, and also against all persons claiming under them subsequent to the filing of the notice of the pendency of the action in which such judgment was rendered." R. S. sec. 3169. This statute "must be understood as referring to such rights and interests as were or might properly have been litigated in the foreclosure action." *Pelton v. Farmin*, 18 Wis. 222. The result of the decisions of this court is to the effect that a defendant's prior and paramount right or title to the mortgaged premises cannot be properly determined in a foreclosure suit. The object of a foreclosure suit is not to try the titles alleged to be paramount to that of the mortgagor. If the party made defendant, as claiming some interest subsequent to the mortgage, claims no such interest, he should disclaim, and the suit should be dismissed as to him. The setting up of a paramount title by such defendant is no answer to the allegations made against him; and, if the plaintiff does not choose to litigate such alleged title in the foreclosure suit, he may properly raise the objection by demurrer. *Pelton v. Farmin*, 18 Wis. 222; *Roberts v. Wood*, 38 Wis. 60; *Hekla F. Ins. Co. v. Morrison*, 56 Wis. 133; *Cook v. Goodyear*, 79 Wis. 611. From these authorities it is very clear that, even had such provisions in the deed been fully complied with, yet that the defendant *Foxen* would not, by virtue of such sheriff's deed, have acquired any of such prior and paramount right and

title so secured and reserved to Magdalena in her deed to her daughter, unless he acquired the same by virtue of a merger of the title hereinafter to be considered.

3. But it stands admitted that such provisions in her deed were never complied with. On the contrary, neither the daughter, nor her husband, nor any one in their behalf, ever paid any part of the outstanding note and mortgage of $150 upon the premises, which, by the terms of the deed, they were to pay as a part of the consideration for the purchase; and so, August 3, 1889, the daughter and her husband, with the knowledge and acquiescence of the mother, conveyed away a portion of the land for the purpose of making such payment. In other words, they were thereby permitted to use a part of the land to pay such debt, and thereby diminish and lessen the security reserved in the deed from Magdalena to her daughter, without parting with anything of any value which they had not so received from the mother. In addition to such failure to pay that mortgage, it appears from the record that after the daughter had been dead for a year, and in October, 1891, the son-in-law, who had become badly indebted, sold and converted all his personal property into money and absconded from the state, leaving Magdalena the sole occupant of the premises and the dwelling house thereon; that after she had remained in the sole possession of the premises for two months, and in a destitute condition, and compelled to rely upon the charity of her neighbors for support, she was, in February, 1892, compelled to go and live with relatives in Chicago; that the plaintiff, finding the premises vacant and unoccupied, took possession in April, 1892, and placed a tenant in charge thereof; that, about a month after that, Magdalena returned from Chicago and demanded possession from such tenant, and the plaintiff, under the advice of counsel as to her prior and superior rights under her deed, surrendered such possession to Magdalena, and caused his tenant

to attorn to and pay rent to her from that time down to November, 1892; that, pursuant to the advice of her counsel (who was the same person who subsequently bid in the premises on the foreclosure sale in the name of the defendant *Foxen*), Magdalena did, November 5, 1892, commence the action mentioned in the foregoing statement, to divest all claim of right, title, or interest of any of the defendants therein, including this plaintiff; that November 16, 1892, Magdalena, under advice of her said counsel, settled that suit with the plaintiff, by his giving her $300, for which she gave him a warranty deed of the premises, and surrendered the possession thereof to him, as stated.

The question recurs whether the clause in the deed from Magdalena to her daughter, mentioned, was a condition subsequent, and, if so, whether such failures to perform, and such absconding of her son-in-law, and her exclusive possession for two months in 1892 and six months in 1893, and the suit to enforce her title as owner, and the settlement of the same, as mentioned, operated to reinvest the legal title to the property in her, the same as it was before she conveyed to her daughter. It will be observed that the deed of August 31, 1885, from Magdalena to her daughter, was not signed by the daughter, nor by any one but Magdalena. Nor does it contain any agreement on the part of the daughter to support her mother during her life, or for any time, or to bury her when dead. Nor does it contain any agreement on the part of the daughter, unless it may be said that, by accepting the deed, she assumed the payment of the $150 mortgage therein mentioned; but that can hardly be claimed, since it is merely mentioned as part of the consideration. The case is therefore distinguishable in this respect from *Bogie v. Bogie*, 41 Wis. 209; *Bresnahan v. Bresnahan*, 46 Wis. 385; *Morgan v. Loomis*, 78 Wis. 594; *Beckman v. Beckman*, 86 Wis. 655; *Donnelly v. Eastes*, 94 Wis. 390. Accordingly, it has been held that, "in a voluntary conveyance,

words may be held to be a condition, which, if used in a conveyance made for a valuable consideration, would be held a covenant only." *Horner v. C., M. & St. P. R. Co.* 38 Wis. 174. In that case it was held, in effect, that, as the language of the deed showed that the grant was solely for depot and other railroad purposes, it "must be construed as stating conditions subsequent." Page 177. So, it was held in that case that "it is not essential to a valid condition that, in case of a breach thereof, a right of re-entry be expressly reserved in the deed, or that it be expressed therein that the estate of the grantee shall terminate with a breach of the condition." Page 173. To the same effect: *Drew v. Baldwin*, 48 Wis. 529; *Blake v. Blake*, 56 Wis. 392; *Delong v. Delong*, 56 Wis. 514; *Pepin Co. v. Prindle*, 61 Wis. 301, 305; *Cross v. Carson*, 8 Blackf. 138; *S. C.* 44 Am. Dec. 742; *Wilson v. Wilson*, 38 Me. 18; *S. C.* 50 Am. Dec. 227. In *Blake v. Blake, supra,* it satisfactorily appeared that the "deed which had been destroyed contained conditions that the grantee should reside with his parents, the grantors named therein, on the lands, and should work and improve the same, and that he should support his parents during their lives," and that the grantee should pay $200 to one of his sisters therein named; and it was held that such conditions were "conditions subsequent, within the rules in the *Horner Case,*" *supra,* "and that Alanson Blake substantially re-entered upon the premises, for conditions broken, when the plaintiff left him, and he assumed exclusive control of the whole premises in 1868; . . . that a condition the breach of which is good ground in equity for canceling the conveyance of which it is a part is a condition subsequent, unless there is something in the instrument to show that such a condition was not intended." In *Delong v. Delong, supra,* "parents conveyed lands to their son and his wife, subject to, and for no other consideration than, certain conditions expressed in the conveyance, intended to secure the means for the sup-

port and maintenance of the grantors, and to provide for the distribution of their estate after their death. *Held*, that such conditions were not mere covenants, but were conditions subsequent, upon a breach of which the grantors might re-enter upon the lands." From these adjudications it logically follows that the clause in the deed from Magdalena to her daughter constituted a condition subsequent, for the breach of which Magdalena lawfully re-entered, and that the legal title thereupon became lawfully revested in her. That title she conveyed to the plaintiff by warranty deed, which was duly recorded November 17, 1892, as stated.

4. The question recurs as to whether his rights, by virtue of his being plaintiff in the judgment of foreclosure and sale of the two mortgages mentioned, became merged in his legal title so acquired from Magdalena by the deed last mentioned. We are clearly of the opinion that they did not. The plaintiff had the right, in equity, notwithstanding his deed of the legal title, to sell the land on the foreclosure judgment, for the purpose of perfecting his title of record. *Morgan v. Hammett*, 34 Wis. 514; *Aiken v. M. & St. P. R. Co.* 37 Wis. 469; *Scott v. Webster*, 44 Wis. 185. But it is manifest that no substantial right to the land passed by the sheriff's sale and sheriff's deed to the defendant *Foxen;* and hence the court very properly compelled the plaintiff, as a condition of the relief granted, to pay into court the money received by him on such sale, with interest, as adjudged.

*By the Court.*— The judgment of the circuit court is affirmed.

Pinney, J., dissents.