KNUTSON, Administrator, and others, Respondents, vs.
ANDERSON and wife, Appellants.

*June 5—October 9, 1934.*

For the appellants there was a brief by *J. Henry Bennett* of Viroqua, attorney, and a separate brief by *Grady, Farnsworth & Walker* of Portage of counsel; and the cause was argued orally by *Mr. Bennett* and *Mr. Daniel H. Grady*.

For the respondents there was a brief by *J. A. Moen* of Viroqua, attorney for the administrator, and by *Higbee & Higbee* of La Crosse, attorneys for heirs other than Victor Anderson, and oral argument by *E. C. Higbee* and *Jesse E. Higbee*.

The following opinion was filed June 26, 1934:

WICKHEM, J.   On April 3, 1919, John T. Anderson and wife, and their son, Victor Anderson, hereafter referred to as appellant, joined in the execution of a land contract, whereby the appellant agreed to purchase and to pay for the lands in question as follows: Two thousand dollars to each of vendors' children, William, Alma, Emily, Della, and Tilmer, and $1,000 to their son, Joseph, on or before fifteen years from date, without interest; $6,000 to vendors in annual instalments of $200 each, with interest at five per cent; and $1,000 upon a note executed by vendors to a certain bank, the unpaid balance to become due and payable upon the death of the survivor of the vendors.   The vendee was to permit free use of the dwelling and a garden plot by the vendors, and to furnish them board and fuel.   In addition to this the contract provided that on or before one year from date the vendee was to execute a contract and mortgage securing payments of the amounts specified, and fulfilment of the other covenants of the contract, and vendors were to execute a warranty deed to the premises.   It was provided further that vendors' son, Tilmer, in lieu of receiving the amount specified, could, if he so elected, become the owner of a one-half interest, subject to payments required by the contract, and subject to other provisions of the contract.   It was provided that if, preceding the death of the survivor of the vendors, the conditions of the contract were fully complied with, it should be void, but that if the vendee failed to comply in every substantial particular, "the deed of convey-

ance to become void and title shall revest in first parties or their survivor."

Appellant entered into possession under the contract, and has ever since occupied the premises. On July 6, 1921, vendors executed a warranty deed to appellant and his brother, Tilmer. The contract was referred to merely by way of exception to the warranty. The deed contained no express conditions subsequent, nor may any be implied from its language. Appellant paid to or on behalf of vendor and his wife the sum of $3,000. To the children of vendors he paid a total of $1,600. In addition to this he furnished board and fuel for the vendors, paid the taxes, and made improvements amounting to $3,395. In May, 1926, the vendor, John T. Anderson, paid $2,000 to the son, William, and took an assignment of his interest in the contract. The vendor died February 23, 1929, and his wife died April 7, 1932. Appellant purchased Tilmer's interest in the farm for $7,500.

For the respondents it is contended that the contract was one for the benefit of vendor's children, and that they are entitled to sue thereon, under the doctrine of *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440. Respondents further contend that such a contract could not be modified by a subsequent agreement between vendor and vendee, not assented to by them. These contentions lead to the conclusion that the absolute deed was ineffective to modify or affect that provision of the contract stipulating that it should be void upon default; that the contract was in no way affected by the deed, and that the case is to be determined as though the deed had never been executed.

Appellant concedes the rights of the beneficiaries under the contract, and that these rights could not be affected by a subsequent agreement between the contractors, modifying the obligations of the vendee to the beneficiaries. Appellant, however, contends that the beneficiaries are subject to all of the covenants and conditions of the contract; that the deed

was given in accordance with the express provisions of the contract; that the preliminary contract contemplated an absolute deed to vendee and a contract and mortgage by the vendee; that the fact that the mortgage and new contract were not given, does not affect the conclusion that the deed conformed to and was given in compliance with the preliminary contract. Upon the basis of these contentions it is urged in the alternative that the title to the premises being in appellant, strict foreclosure does not lie, or that, assuming the deed to be one upon condition subsequent, the title reverted not to respondents as contractors, but to them and to the appellant as heirs of the grantors.

The second contention of appellant raises an interesting question. It has been held in this state, with relation to conveyances made in consideration of support, that even though the conveyance be absolute in form, a court of equity will treat the deed "by construction" as one upon condition subsequent, and upon the election of the grantor or his heirs to avoid the conveyance by making a re-entry, will quiet the title of the grantor and cancel the instrument of conveyance. *Bresnahan v. Bresnahan,* 46 Wis. 385, 1 N. W. 39; *Delong v. Delong,* 56 Wis. 514, 14 N. W. 591; *Blake v. Blake,* 56 Wis. 392, 14 N. W. 173; *Bogie v. Bogie,* 41 Wis. 209; *Morgan v. Loomis,* 78 Wis. 594, 48 N. W. 109; *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118; *Lowrey v. Finkleston,* 149 Wis. 222, 134 N. W. 344; *Gilchrist v. Foxen,* 95 Wis. 428, 70 N. W. 585; *Knutson v. Bostrak,* 99 Wis. 469, 75 N. W. 156; *Mootz v. Petraschefski,* 137 Wis. 315, 118 N. W. 865; *Gall v. Gall,* 126 Wis. 390, 105 N. W. 953; *Brenger v. Brenger,* 142 Wis. 26, 125 N. W. 109; *Danielson v. Danielson,* 165 Wis. 171, 161 N. W. 787. See also 1 Tiffany, Real Property, p. 329; see notes 34 A. L. R. 136, 76 A. L. R. 742. The *Danielson Case* summarizes the doctrine as follows:

"It is settled law in this court that conveyances made by aged people in consideration of support and care may be

deemed to be conveyances upon condition subsequent, and will, upon facts similar to those in the foregoing cases, be set aside by a court of equity upon proof of substantial failure to perform."

The contract which respondents sought to foreclose is peculiar in that it has some of the elements of a conveyance in consideration of support, and some of the incidents of an ordinary earnest-money contract, combined with an effort to accomplish a *quasi*-testamentary disposition of the grantors' property. The provisions for support are quite separable from the balance of the contract, and were fully performed up to the death of the grantors. It is seriously to be questioned whether the doctrine of the above cases has any application to such a breach as is here involved,—merely a failure to pay the liquidated sum specified which constituted the major part of the purchase-price. However, it is not necessary to express any opinion upon this question. Respondents make no allegation of a re-entry, or of any facts showing that as heirs of the grantors they have elected to take advantage of a condition subsequent. Respondents are standing upon the contract and attempting a strict foreclosure. If they propose to take advantage of conditions subsequent by making a re-entry, this election must be unequivocal. All of the allegations in the complaint are based upon the contract, and the relief asked for is wholly conditional, to wit, that appellant be barred to any right, title, or interest in the premises unless he shall completely pay the purchase-price.

It is concluded that respondents have made no showing which would entitle them to claim title as heirs of the grantors under the condition subsequent claimed to be present in this conveyance, in spite of its absolute form, by the operation of the equitable rule above referred to. This being true, the title to the premises has not reverted to the heirs of the grantors.

While the preliminary contract was wholly supplanted by the deed, in so far as it dealt with the title to the premises, it is clear that that portion of it which evidenced appellant's obligation to pay for this land was in no way affected by the deed. This contract contemplated that a new contract evidencing the obligation to pay and to perform would take the place of the land contract and be secured by a mortgage. Through inadvertence, or some other circumstance not disclosed, these instruments were not executed. The vendors and the beneficiaries of the preliminary contract had a specifically enforceable right, and still have the right, to have executed the contract and mortgage originally contracted for, and their position is clearly that of equitable mortgagees. While it is contended that this right is barred by laches, we find no support in the record for this contention.

The conclusion is that, at the time of the execution of the deed, appellant still owed whatever balances were then due; that to the extent that he has not since paid them, he still owes them; that the title is in appellant, subject to the rights of respondents to subject the premises to the payment of this debt.

This situation is wholly inconsistent with any right to a strict foreclosure. The rights of the respondents are no greater or different than they would have been had a mortgage been executed in compliance with the provisions of the preliminary contract. Their rights are to foreclose and to sell in the usual way. The remedy of strict foreclosure is available only where the legal title is in the mortgagee or the vendor under a land contract. In such a situation the mortgagor or the vendor may, by strict foreclosure, cut off the equity of redemption of the mortgagor or vendee. This remedy does not lie to divest the legal title of a mortgagor. In such a situation the statutory method of foreclosure and sale must be followed. *Green v. Pierce,* 60 Wis. 372, 19

N. W. 427; *Von Oehsen v. Brown,* 148 Wis. 236, 134 N. W. 377; *Salisbury v. Chadbourne,* 45 Wis. 74; *Button v. Schroyer,* 5 Wis. 598.

It follows that the judgment must be reversed. It appears from a consideration of the record that all of the issues with reference to the amounts due have been fully tried. The only questions raised upon this appeal have to do with the situation created by William's assignment of his share to his parents, and the effect of the transaction by which appellant purchased Tilmer's share for $7,500. In the light of our previous conclusions in this matter, it seems clear that the debt to William passed by assignment to his parents, the vendors, and should be added to the amount due the administrator. By his election to become one of the grantees of the deed, Tilmer waived his right to receive any sum under the contract.

It is also contended that the action was prematurely brought. The provisions of the contract are as follows:

"The said sum of $6,000 to the parties of the first part to be paid in annual installments of $200 each until the death of both of said parties, at which time the balance then unpaid shall *all* become due and payable. The said sum of $6,000 to bear interest at the rate of five per cent on the deferred payments, payable annually."

Respondents contend that from the use of the word "all," as well as a consideration of the *quasi*-testamentary character of the stipulated payments to appellant's brothers and sisters, it was the intention that the whole sum stipulated as the purchase-price should become due at the death of the survivor of the grantors. On the other hand, it is asserted by appellant that the clause in question deals solely with the amount due the vendors. Appellant's contention seems clearly to be sound, but in view of the fact that the fifteen years since the date of execution of the contract have now fully elapsed, the contention offers no present obstacle to a complete disposition of this matter.

It appearing that all of the facts essential to a proper judgment are wholly without dispute, the cause should be remanded, with directions to enter a proper judgment of foreclosure and sale, under the provisions of ch. 278, Stats.

*By the Court.*—Judgment reversed, and cause remanded with directions for further proceedings in accordance with this opinion.

A motion for a rehearing was denied, without costs, on October 9, 1934.