594

MENGE, Appellant, vs. RADTKE and others, Defendants: FENSKE, Respondent.

*September 17—October 13, 1936.*

*G. E. Ostrander* of Princeton, for the appellant.
*Vincent F. McNamara* of Montello, for the respondent.

WICKHEM, J.   On February 21, 1925, plaintiff was the owner of a farm in the county of Marquette and of certain personal property situated thereon.   On that date she entered .

into a contract with her daughter, the defendant Elsie Nighbor (Radtke), hereafter referred to, for convenience, as the defendant. By its terms she conveyed the personal property and agreed to convey the farm to defendant. The contract recites the value of the real estate and personal property to be $4,000. The consideration supporting the contract is thus stated: (1) Various contributions by defendant to the support of plaintiff, together with a reservation by plaintiff of the use of certain portions of the premises; (2) on the death of the plaintiff, payment by defendant to Erna Fenske of the sum of $1,000 "which is made a lien on these premises;" (3) an agreement that in the event defendant should die before plaintiff, the husband be substituted in her place and stead in the contract and required to perform its conditions, and that when the children of defendant become twenty-one years of age, the husband be required to pay them in equal shares the sum of $1,000, such payment to be a lien upon the premises. Adolph Nighbor, then husband of defendant, although not referred to in the body of the contract as a party to it, joined in its execution. On the same day, plaintiff executed a warranty deed to defendant conveying the real estate described in the contract. The deed sets forth the consideration as follows:

"Witnesseth, That the said party of the first part, for and in consideration of the sum of one dollar and her written contract of life lease to first party, of even date wherein she agrees to support first party and make certain cash payments as therein provided, which is a first lien upon the premises. . . ."

On the same date, defendant and her husband executed and delivered to plaintiff a mortgage upon the farm. The defeasance clause of this mortgage, so far as material here, reads as follows:

"Provided always, that these presents are upon this express condition that if the said party of the first part her heirs, executors and administrators, shall pay, or cause to be paid,

to the said party of the second part, her heirs, executors, administrator or assigns, the just and full sum of two thousand dollars in event they fail in that the performance of according to the conditions of a contract of life lease dated this date bearing even date herewith, executed by the . . . parties of the first part, to the said party of the second part. . . ."

It was found by the court that defendant failed to perform the terms of the preliminary support contract, in that she failed to provide and furnish to plaintiff the foodstuffs and money called for under this contract. The court also found that there was due to plaintiff by reason of the contract and mortgage the sum of $2,000 with interest from the 11th of October, 1935. The sole assignment of error is that the court ordered the premises sold subject to the lien of the defendant Erna Fenske for the sum of $1,000 payable by the terms of the contract upon the death of the plaintiff.

It is conceded by plaintiff that the contract for support, in so far as it contained provisions for payments to persons other than plaintiff, was a contract for the benefit of such persons, and that such a contract may not be revoked without the consent of the beneficiary. *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440; *Knutson v. Anderson,* 216 Wis. 69, 255 N. W. 907; *Micek v. Wamka,* 165 Wis. 97, 161 N. W. 367; *Lepak v. Lepak,* 172 Wis. 617, 179 N. W. 777. The doctrine is so clearly established as to call for no further elaboration or discussion in this case. It is also conceded to be the rule that the conveyance of land by one person by deed upon condition of such other paying to a third person a specified sum of money and acceptance of such conveyance, creates a lien upon the land in favor of such third person. *Powers v. Powers,* 28 Wis. 659; *Wier v. Simmons,* 55 Wis. 637, 13 N. W. 873; *Williams v. Williams,* 82 Wis. 393, 52 N. W. 429; *Merton v. O'Brien,* 117 Wis. 437, 94 N. W. 340; *Korn v. Friz,* 128 Wis. 428, 107 N. W. 659; *Krahn v. Goodrich,* 164 Wis. 600, 160 N. W. 1072.

Plaintiff relies, however, upon a well-recognized exception to the doctrine of the *Tweeddale Case,* where the payment to the third person is upon a condition precedent. In such a case, both the lien and the obligation to pay are contingent and subject to fail if the condition never happens. *Krahn v. Goodrich, supra.* This, of course, is familiar doctrine. The rights of a beneficiary of such a contract are subject to such conditions precedent as are imposed by the contract. If the conditions are not discharged, the obligation to the third party never matures. Such a doctrine is hardly applicable here. There were no conditions precedent to be discharged by plaintiff before the obligation to pay Erna Fenske and the lien to secure payment matured. Nor is there anything in the contract expressly declaring the whole contract void if the obligation to support is not met by defendant. We discover no basis for holding that the rights of Erna Fenske are subject to a condition. This being true, the exception to the doctrine of the *Tweeddale Case* has no application.

There remains to be considered the relation to the facts of this case of a doctrine peculiar to conveyances in consideration of support. As pointed out in *Knutson v. Anderson, supra,* and many prior decisions there cited, the rule in this state is that such conveyances, though absolute in form, are treated by a court of equity as though expressly made upon a condition subsequent. The result of this doctrine is that upon a breach, the grantor's heirs may make a re-entry and then bring an action to quiet title of the grantor and to cancel the deed of conveyance. In order to accomplish this, however, the grantor must make an unequivocal election evidenced by a re-entry. *Knutson v. Anderson, supra.* Had plaintiff made a re-entry, and brought an action to quiet her title and to cancel the conveyance, she might have been entitled to succeed under this rule. She elected, however, to foreclose the mortgage, thereby recognizing the validity and

existence of the contract, deed, and mortgage. Having so proceeded, her rights are defined and limited by these instruments.

An examination of the defeasance clause of the mortgage indicates its peculiarity. It provides that the mortgage shall be void if the mortgagors shall either pay to plaintiff the sum of $2,000 or carry out the terms of the preliminary support contract. Taking the instruments as a whole, the intent evidenced by this clause, as well as the general intent of the parties in the transaction, is clear enough. The farm and personal property were of the agreed value of $4,000. One thousand dollars was to be paid to Erna Fenske at the death of the grantor. In the event that defendant predeceased her husband, he was to pay to their children $1,000. If she survived him, no such obligation arose, which in effect gave the benefit of this amount to defendant. This left $2,000 as the balance of the value of the property and the amount considered by the plaintiff to represent the worth of such support as would be furnished to her. The mortgage was for the purpose of securing her right to this support, or, in the alternative, to the sum of $2,000, which represented its assumed value. The preliminary support contract made the payment to Erna Fenske a lien upon the premises. A fair construction of the deed indicates that the cash payments provided in the contract were to be a first lien upon the premises. This, together with the fact that the mortgage only secured plaintiff's right to support or its equivalent, leads to the conclusion that the mortgage was intended to be and is subordinate to the lien. It follows that the court's judgment was correct.

*By the Court.*—Judgment affirmed.