BERGMAN, Respondent, vs. BERNSDORF and wife, Appellants.*

*November 11—December 6, 1955.*

* Motion for rehearing denied, with $25 costs, on February 7, 1956.

402

For the appellants there was a brief by *Genrich, Terwilliger, Wakeen, Piehler & Conway* of Wausau, and oral argument by *Neil M. Conway*.

For the respondent there was a brief by *Wurster & Curtis* of Merrill, and oral argument by *C. B. Wurster*.

STEINLE, J.   A clearly defined issue of fact is raised by both the pleadings and the affidavits. That issue involves the intention of the parties at the time when the deed, note, and mortgage were executed on April 5, 1954, with respect to support of Carrie Bergman. While it appears that under the previous contracts between the parties, there was an obligation on the part of the Bernsdorfs to contribute 30 per cent of the income of the farm to the Bergmans, or their survivor, for their support, nevertheless, it is undisputed that Carrie Bergman, in the notice and proceedings of the unlawful-detainer action claimed to be the owner of the premises, not-

withstanding that she had joined in the deed to Adella Bernsdorf and her children, and thereby, at least by inference had repudiated the existence of a support contract at the time. Such incident is asserted by Bernsdorf in his affidavit. True, in both the previous proceedings, and in the negotiations leading to a termination of the then pending matters in litigation between the parties, there were statements by Bernsdorf relating to the future support of Mrs. Bergman. There is, however, a serious question as to whether upon a trial of the issues involved here, the statements of Bernsdorf referred to in some of the exhibits of the plaintiff presented in support of her motion for summary judgment, will be admissible, for the reason that it may be determined that such statements were made during the course of settlement negotiations. Neither the deed, mortgage, nor note contain any reference to the support of Carrie Bergman. Paul Bernsdorf's affidavit sets forth facts indicating that there was no intent to support her.

Appellants maintain that as a matter of law an agreement of support cannot be declared, for the reason that the obligation involves only the payment of money. They submit that it is only in situations where the agreement calls for a consideration by way of something which cannot be given monetary value, such as the rendering of personal services of some nature or other, whether it be the furnishing of board, taking care of the home, or personal needs of the grantor, etc., that equity will grant relief by way of rescission of the conveyance and transaction. We cannot agree to such principle. In *Delong v. Delong* (1883), 56 Wis. 514, 14 N. W. 591, a support agreement was found to exist and was rescinded where the obligation consisted of the payment of money— $450 per year to the grantors during their lifetime and $100 per year to a daughter for fifteen years.

The manner in which the support agreement is to be kept need not be specified in the writings. *Glocke v. Glocke* (1902), 113 Wis. 303, 89 N. W. 118.

Appellants also maintain that since the breach can be measured in money and since the respondent has an adequate remedy at law, to wit, the foreclosure of the mortgage under ch. 278, Stats., she is not entitled to a rescission of the conveyance. The existence of a remedy at law does not deprive equity of jurisdiction unless such remedy is clear, adequate, and complete. 30 C. J. S., Equity, p. 347, sec. 25. The determination of such consideration is for the court. In *Menge v. Radtke* (1936), 222 Wis. 594, 269 N. W. 313, the grantor elected to apply for a foreclosure of the mortgage rather than for a cancellation of the deed, and such procedure was approved, notwithstanding that rescission might have been granted if applied for.

However, it is the rule in this state that summary judgment may not be granted in a situation where it appears from the affidavits that circumstances exist which tend to support an inference of essential ultimate fact contrary to that contended for by the movant, and it further appears that the conclusive effect claimed for the affidavits of the movant may be destroyed by cross-examination. Sec. 270.635 (2), Stats.; *Hanson v. Halvorson* (1945), 247 Wis. 434, 19 N. W. (2d) 882; *Laughnan v. Griffiths* (1955), ante, p. 247, 73 N. W. (2d) 587.

Since, in the case at bar, an issue of fact is raised in both the pleadings and the affidavits as to whether the deed, note, and mortgage of April 5, 1954, were intended as a support agreement, such issue must be determined at a trial. If, at the trial, it shall be found that a support agreement existed, and that Carrie Bergman is entitled to a rescission of the deed, the court will be obliged to determine the equities of the Bernsdorfs, if any.

*By the Court.*—Judgment reversed, and cause remanded for a trial upon the issues.

The following memorandum was filed February 7, 1956:

STEINLE, J. (*on motion for rehearing*). With respect to plaintiff-respondent's motion for rehearing, we find ourselves obliged to adhere to the original determination that the existence of a support agreement under the circumstances as indicated by the record, and the equities of defendants-appellants, should it be determined that such agreement existed, are matters that must be decided at a trial.

Defendants-appellants in their brief upon the motion for rehearing point out that while in *Delong v. Delong* (1883), 56 Wis. 514, 14 N. W. 591 (cited by this court in its opinion herein), the author of that opinion alluded only to money payment, nevertheless, the records and briefs of the case indicate that the agreements contemplated personal service as well as money payment. We have decided to withdraw all statements and implications in the opinion that equity may grant relief by way of rescission where a support agreement, and conveyance made pursuant thereto, involves only the payment of money. We leave such consideration for future determination.

*By the Court.*—The motion for rehearing is denied with costs.