NATHANIEL BRYANT, JR., *Adm'r*, *in Eq.*, *versus* CHRISTO-PHER ERSKINE & *als.*

The condition in a mortgage of real estate provided — " that, if the said" mortgager, " his heirs, executors or administrators, shall pay to the said" mortgagees, * * " the sum of $2500, *or* shall well and truly support the said" mortgagees, " and the survivor of them during their natural lives" in the manner specified, " then the mortgage shall be void, otherwise shall remain in full force." On demurrer to a bill in equity, brought by the assignee of the mortgager against the assignees of the mortgagees, — *Held*,
1. That the condition was in the alternative and that the mortgager had his election; —
2. That the election once made could not be revoked; —
3. That, having elected the latter alternative, the mortgager was entitled to possession in order that he might comply therewith; —
4. That the services to be performed were owed by the mortgager personally and to the mortgagees alone; —
5. That the mortgager could not assign his interest to a stranger, and enable him to discharge the former's obligation, without the mortgagees' consent; and that the mortgagees could not assign their interest until after a breach;
6. That the bill, having alleged an assignment by the mortgager to the complainant's intestate, but failed to allege that the mortgagees, or either of them, assented to such assignment, and that the complainant's intestate might discharge the obligations assumed by the mortgager, is therefore defective; —
7. That such mortgages may be redeemed after breach.
Who should be made parties in such a bill.

BILL IN EQUITY, heard on demurrer.

APPLETON, C. J.—This is a bill in equity for the redemption of certain mortgaged premises. Three of the respondents demur and the third, Jane Linscott, has filed an answer. The questions now presented for adjudication arise upon the bill and the demurrer thereto. The demurrer admits the facts duly set forth in the bill.

On April 22, 1861, Ephraim Linscott conveyed the premises in controversy to Charles H. Linscott, by deed of warranty, who, on the same day, mortgaged them to Ephraim

Linscott and Jane Linscott, his wife.   The condition of the mortgage was in these words : —

"Provided nevertheless, that, if the said Charles H. Linscott, his heirs, executors or administrators, shall pay to the said Ephraim and Jane, their heirs, executors, administrators or assigns, the sum of twenty-five hundred dollars, *or* shall well and truly support the said Ephraim and Jane and the survivor of them, during their natural lives, in as good and comfortable a manner as they have been accustomed to live, to furnish them and each of them with all necessary food, clothing, medical attendance, nursing, pocket money, with the use of a horse and wagon when necessary, all necessary fuel, and allow them to occupy the south part of the house, and pay all the taxes on said farm, and decently bury the said Ephraim and Jane, and erect suitable grave stones, then this deed shall be void, otherwise shall remain in full force."

Charles H. Linscott entered into possession of the premises conveyed to him and supported Ephraim Linscott and wife to their satisfaction, while he so remained in possession.

On the 14th Aug., 1861, Charles H. Linscott mortgaged these premises to the plaintiff's intestate, to secure the sum of three hundred dollars.   On the 9th Oct., 1862, he quitclaimed and released the same to the plaintiff's intestate, who thereby acquired all the remaining interest of said Charles, subject to the prior rights of the first mortgagees. *Hoyt* v. *Bradley*, 27 Maine, 242.

On the 29th Sept., 1862, Ephraim Linscott assigned the mortgage in question to Harriett N. Harris.   On the 13th Nov., 1862, said Linscott and wife joined in another assignment of the mortgage to Harriett N. Harris, from whom the respondents demurring derive their title.

Whether the plaintiff can maintain this bill depends upon the force and effect of the condition in the mortgage given by Charles H. Linscott to Ephraim Linscott and wife, dated April 22, 1861, and upon the rights respectively acquired

by the parties to this bill, by virtue of their several assignments.

The condition of the mortgage is to pay "the sum of twenty-five hundred dollars, or well and truly support the said Ephraim and Jane or the survivor of them, during their natural lives," &c.

The plaintiff does not, in his bill, offer to pay the twenty-five hundred dollars, but does offer to perform the other alternative condition and pay whatever may be due.

If the sum of twenty-five hundred dollars is to be regarded as in the nature of a penalty and as security for the performance of the latter clause in the condition, then all that the mortgager would be required to do, would be to support the mortgagees according to the terms of the condition, or pay damages sustained by reason of its non-performance.

If the condition is to be regarded as in the disjunctive, the election is in the obligor, — and, in this case, in the mortgager. "It is laid down as a general rule that, in case an election is given of two several things, he who is the first agent, and ought to do the first act, shall have the decision. As if a man grants a rent of 20s. or a robe to one and of his heirs, the grantor shall have the election, for he is the first agent, by payment of one or the delivery of the other." 3 Bac. Abr., Election, B, p. 309. "If," remarks GILCHRIST, J., in *Smith* v. *Durell*, 16 N. H., 345, "we consider this as a disjunctive condition, it is subject to the rule which gives the obligor, for whose benefit the condition is inserted, an election between the two things to be done. Comyn's Dig., Condition, K., 1." To the same effect is the case of *McNitt* v. *Clark*, 7 Johns., 465.

The bill alleges an election of the latter alternative by the mortgager, and that, in pursuance of such election, he commenced supporting the mortgagees in accordance with the terms of the mortgage, and continued so to support them to their satisfaction, while he remained in the State. "An election once made, is conclusive and irrevocable." 3 Bac. Abr., Election, D., 314. The mortgagee cannot have

part performance of one of the alternatives and then claim the entire performance of the other.

As between the mortgager and mortgagees, the mortgage by its very terms implies that the mortgager should remain in possession, so that thus he might be enabled to comply with the condition he has chosen to perform. The mortgagees would have no right to keep him out or prevent his performance of what he has undertaken. Without breach on his part they could maintain no·action for possession. *Dearborn* v. *Dearborn,* 9 N. H., 117; *Flanders* v. *Landphear,* 9 N. H., 201; *Clinton* v. *Flye,* 1 Fairf., 292; *Brown* v. *Leach,* 35 Maine, 41.

The services to be performed were personal. The support was to be rendered by Charles H. Linscott and by no one else. · The mortgagees relied upon him, and they have a right to require his services. He could not assign his interest to a stranger and enable him to discharge his obligations without their consent and approbation. *Eastman* v. *Batchelder,* 36 N. H., 141. If, however, the mortgagees should assent to an assignment of the equity of redemption, and that the assignee should perform the contract of the assignor, then such assignee would be entitled to the possession of the mortgaged premises equally as if he had been the original mortgager, and would have the same right to redeem in case of a breach and an attempted foreclosure. The bill alleges a transfer by Charles H. Linscott of his right to the plaintiff's intestate, but it does not allege that the mortgagees, or either of them, assented to such transfer and that the plaintiff's intestate might discharge the obligations assumed by the mortgager. The bill is therefore defective for this cause.

The respondents demurring are assignees of the mortgage. The bill does not disclose when, or for what cause, they entered into possession. While the support contemplated by the condition in the mortgage is to be rendered *by* the mortgager, unless the mortgagees assent that it·be rendered by some one else, so the support is to be furnished

*to* the mortgagees and to them alone. They have a right to support on the mortgaged premises according to the conditions of the mortgage. They alone have a right to insist on their performance. Until a breach of the condition, they have no interest which they can transfer. In *Daniels* v. *Eisenlord*, 10 Michigan, 454, a mortgage was given, conditioned for the support of the mortgagee, by the mortgager. Held, that it was solely for the benefit of the mortgagee, and could not be foreclosed at the suit of any person who had furnished board and lodging to the mortgagee, although at the request of the mortgagee. The interest of the mortgagee is not assignable before breach of the condition, and no action at law can be maintained by an assignee unless where there has been an actual breach, and, perhaps, an entry for condition broken, before the assignment. *Bethlehem* v. *Annis*, 40 N. H., 34.

There can be no question that mortgages of this description may be redeemed after breach. "It is also said," remarks SHEPLEY, J., in *Hoyt* v. *Bradley*, 27 Maine, 242, "that there can be no conditional judgment for non-performance of duties of a personal character. But damages may be recovered for non-performance of personal services, as well as for services to be performed by others." In *Henry* v. *Tupper*, 29 Vermont, 359, it was held that a court of equity might grant relief from the forfeiture of an estate conditioned for the maintenance and support of the grantee, when the forfeiture was accidental or unintentional and not attended with irreparable injury. "Not to afford relief in such a case," remarks REDFIELD, C. J., "would be a discredit to the enlightened jurisprudence of the English nation and those American States who have attempted to follow the same model." That relief might be granted in case of a failure to perform the conditions of a mortgage like the one under consideration, was fully affirmed in *Bethlehem* v. *Annis*, 40 N. H., 43.

It is claimed that Charles H. Linscott and Harriett N. Harris should be made parties to this bill.

Bryant *v.* Erskine.

Charles H. Linscott has no remaining interest in the estate. The plaintiffs have no interest in obtaining a decree against him.

If the mortgager seeks in his bill an account for rents and profits or other sums received by Harriett N. Harris, before the assignment to the defendants demurring, she should be made a party. But, in a bill brought to redeem, it is not in general necessary to make any person but the last assignee a party to the bill, however many mesne assignments have been made. Story's Eq. Plead., §§ 189, 190.

By R. S., 1857, c. 90, § 8, — " When the condition is for doing *some other act than the payment of money*, the Court may vary the conditional judgment as the circumstances require; and the writ of possession shall issue, if the terms of the conditional judgment are not complied with within two months." The mortgager or his grantee, if the original mortgagee assents to the transfer of the equity, will be alike entitled to redeem, upon such terms as will mete out equal justice between the contending parties.

It is not necessary to consider the answer of Jane Linscott, as she interposes not merely no objection to the maintenance of the bill, but, on the contrary, seems desirous that it may be maintained and that the plaintiff should support her according to the conditions of the mortgage.

*Demurrer sustained*, — with leave for the complainant to amend his bill upon terms to be fixed at *Nisi Prius*.

CUTTING, KENT, DICKERSON and TAPLEY, JJ., concurred.

*J. Ruggles*, for the complainant.

*A. P. Gould*, in support of the demurrer.