MORGAN, Appellant, vs. LOOMIS and others, Respondents.

*January 14 — February 3, 1891.*

*Conveyance of land: Agreement to support grantor: Equity: Rescission.*

1. The plaintiff, a widow fifty-nine years old and so crippled that she could walk only with crutches, conveyed her land to her nephew L., who at the same time executed an instrument purporting to lease the land to the plaintiff, "her heirs, executors, administrators, and assigns," during her natural life.   The plaintiff agreed, in said instrument, to be of no expense to L. while absent from the family, and to demand only the necessaries of life and a Christian burial.   L. agreed therein to erect a suitable tombstone on the plaintiff's grave ; and it was provided that in case L. should die before the plaintiff the latter should not be bound to live with his heirs, but should have the same control over the premises as if he were living.   L. went into immediate possession and exclusive control of the land, and so remained until his death, when his legal representatives took possession and control.   *Held*, that the instruments, construed together, were in effect a conveyance of the land to L., his heirs and assigns, upon condition that they should support the plaintiff during her life; and that for a breach of such condition a court of equity would set aside the conveyance and do equity between the parties.

2. Such conveyance being set aside for breach of the condition by the heirs of L., they are not entitled to reclaim all that has been expended for the plaintiff's support, less the rents and profits actually received, but, in this case, are allowed only the amount expended for permanent improvements on the land, less the amount of the damage done by the cutting and removal of timber.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to set aside a conveyance of land from the plaintiff to one George R. Loomis, deceased. The defendants are a daughter of said George R. Loomis, and the husband and children of a second daughter, who survived her father but died before the commencement of the action. The following statement of the case was prepared by Mr. Justice Cassoday:

December 21, 1882, the plaintiff, being a widow fifty-nine years of age and the owner of forty acres of land described, executed and delivered to her nephew, George R. Loomis, a warranty deed of the same, duly witnessed and acknowledged. On the same day, and as a part of the same transaction, Loomis and wife and the plaintiff executed an agreement whereby Loomis and wife leased said premises to the plaintiff for and during the term of her natural life, and the plaintiff therein agreed to be of no expense to said Loomis while absent from the family, and to demand only the necessaries of life, such as good, wholesome food, suitable clothing, washing, ironing, good care in sickness and in health and until death, and after death a Christian burial. And Loomis and wife therein agreed to erect upon the grave of the plaintiff a suitable tombstone. And it was further provided that in case George R. Loomis should die before the plaintiff, then she was not bound to reside with his heirs, but should have the same control over the premises as though both parties were living.

May 13, 1889, George R. Loomis and wife both died. August 28, 1889, the plaintiff commenced this action against

the defendants as the legal representatives of George R. Loomis and wife, for the purpose of rescinding said deed and annulling all the rights and interests of George R. Loomis and wife and the defendants in and to said lands, and for such other and further relief as might be just and equitable in the premises, and costs. The answer consisted of denials, and in effect alleged that the defendants were willing and ready to comply with the terms of said lease so far as they were under obligations to do so; that said lands, at the time of said conveyance, were not worth to exceed $800; that George R. Loomis had improved the same to the extent of $500.

Upon the trial of the issues so made the court decided that said deed should be canceled and set aside, but upon the condition that the plaintiff should pay to the heirs of George R. Loomis the costs or expenses of maintaining the plaintiff during the time she had lived with George R. Loomis, less the rents and profits of the premises received by him, and should also pay for such permanent improvements, if any, as had been placed upon the premises by said George R. Loomis; that the defendants should file their claim for such sums, or, in case of failure, such judgment should be absolute.

Thereupon the defendants filed a claim for board, clothing, washing, and ironing,— 381 weeks, at $4 a week, amounting to $1,524,— and also other charges to the amount of $247.76, and alleged that the rental value of said lands was $50 per year, and claimed that the plaintiff was indebted to the defendants in the sum of $1,371.76 over and above all legal setoffs. The plaintiff took issue on such claims, and also set up a counterclaim thereto of $227.74. At the close of the trial of the issue so formed, the court found, in addition to the facts above stated, that the plaintiff made her home with the family of George R. Loomis and wife from the date of the deed to May 10, 1889, and

during the same time, except when absent, received her
board and necessary care and attention from said George
R. Loomis, and some clothing, the balance of which she
furnished herself; that George R. Loomis went into the
possession of said premises at the date of the deed, and re-
mained therein up to the time of his death, and had the
exclusive use and control of the same; that the defendant
*Edwin P. Loomis* had been in the possession of said prem-
ises from May 13, 1889, to December 22, 1889, and had re-
ceived all the crops raised or grown upon said premises and
all the income thereof, and had neglected or refused to pay
or deliver to the plaintiff the rents or profits of said prem-
ises for said time; that the plaintiff has resided in another
county ever since the death of George R. Loomis and wife;
that the defendants and each of them had neglected and
refused to furnish the plaintiff with a home, care, and at-
tention and suitable clothing since the death of George R.
Loomis, or to furnish her with any means for the payment
of the same, and had neglected and refused to perform any
of the covenants and agreements to be performed by said
George R. Loomis as stipulated in said written agreement;
that George R. Loomis had made permanent improvements
upon said premises of the value of $150, and had paid out
for medical treatment for the plaintiff $33, and for taxes on
the premises $37.36, and for twelve weeks board $12; that
the plaintiff was absent from the home of George R.
Loomis, during the time mentioned, one year and six
months, during which time she was of no expense to said
George R. Loomis; that the plaintiff lived with George R.
Loomis, during the time mentioned, four years, ten months,
and eighteen days, during which time he furnished her with
her board, necessary care, and some clothing; that the
plaintiff's board, care, medicine, and clothing during said
time were of the value of $2.75 per week, or $689.05; that
the damage to the premises on account of the timber cut

and carried off by George R. Loomis was $50; that the use of said premises during the time George R. Loomis worked the same was of the value of $50 per year, amounting to $350; that there was due the defendants from the plaintiff on such accounting the sum of $521.81.

And as conclusions of law the court in effect found that the defendants were entitled to judgment for said last sum, as the balance due on such accounting; that the plaintiff was entitled to a judgment setting aside and canceling the deed upon the payment of the sum last named for the use and benefit of the defendants within ninety days after the entry of the judgment, but in case of refusal or failure to pay said amount said deed should not be canceled and the plaintiff's action should be dismissed; that neither of the parties were entitled to costs, except the defendants were required to pay the clerk's fees. From the judgment entered thereon accordingly the plaintiff appeals.

*B. E. Van Keuren*, for the appellant.

For the respondents there was a brief by *Duffy & McCrory*, and oral argument by *J. H. McCrory.*

CASSODAY, J. The deed from the plaintiff to George R. Loomis and the agreement back were parts of one transaction, executed at the same time, and must therefore be construed together, as constituting one paper in law, for the purpose of determining the character of the transaction and the intention of the parties. *Bogie v. Bogie,* 41 Wis. 209. Being one paper in law, they must either stand or fall together in law. *Newbegin v. Langley,* 63 Am. Dec. 612. The deed recites a consideration of $200, but it is conceded, and the court in effect finds, that there was no consideration therefor except the agreement back. That instrument is a singular document, and not at all suited to the manifest purpose for which it was drawn. The plaintiff was at the time of its execution a widow, fifty-nine years

of age, and so crippled by disease that she had but very little use of her legs, and could only walk a little by means of crutches, and is now nearly seventy; and yet the instrument purports to lease the premises to her, " *her heirs, executors, administrators,* and assigns . . . for and during the term of her natural life." Since she could have no heirs, executors, or administrators during her life, and hence during the continuance of the lease, it is very manifest that the parties did not comprehend the nature of the instrument they were executing. Notwithstanding the lease to the plaintiff, the court finds, in effect, that upon the execution of the papers George R. Loomis went into the immediate possession of the premises, and remained in such possession up to the time of his death, and during that time had the exclusive use and control of the same; and that the defendants, as his legal representatives, have ever since had such possession, use, and control, as mentioned in the foregoing statement. Manifestly none of the parties ever understood that the old lady was to run and manage the farm as lessee of George R. Loomis, or to be in any way accountable as such lessee. This is apparent from the practical construction which the parties thus put upon the transaction. To construe the papers as so intending, would convict George R. Loomis of the deliberate purpose of defrauding the old lady out of her farm.

The instrument is burdened with unnecessary agreements on the part of the plaintiff. She expressly agreed therein to be of no expense to Loomis while absent from the family; "to demand . . . only the necessaries of life, such as good, wholesome food, suitable clothing, washing, ironing, done at proper times, good care in sickness and in health and until death, . . . and after death a Christian burial;" while Loomis and wife therein only expressly agree to erect upon the plaintiff's grave " a suitable tombstone," and do not expressly agree to furnish the plaintiff with such neces-

saries during her life; and yet, by necessary implication from the negatives so imposed upon the plaintiff, they do in effect agree to furnish such necessaries during such period, and after death give such Christian burial. Such implied agreements are also strengthened by the provision therein to the effect that in case Loomis and wife should die before the plaintiff, then she was not to be bound to reside with their heirs, but should have the same control over the premises as though both parties were living. By the two instruments, taken together, the plaintiff in effect conveyed the premises to George R. Loomis, his heirs and assigns forever, on condition that he or they would during her natural life (except when she should be voluntarily absent) furnish her with the necessaries of life, such as good, wholesome food, suitable clothing, washing, ironing, done at proper times, good care in sickness and in health and until death, and upon her death a Christian burial, and then erect a suitable tombstone upon her grave. That such was the intent of the parties is plain from the parol testimony, which is admissible in evidence in such cases.

The trial court found that there had been a breach of such conditions by the defendants' neglecting and refusing to furnish such necessaries; and to that finding there is no exception. Besides, it seems to be supported by the testimony. This court has by a long line of adjudications settled the rule that for such breach of conditions a court of equity will, upon proper pleadings, set aside such conveyance and agreement, and do equity between the parties, especially in favor of an aged woman in the condition of the plaintiff at the time of the execution of the papers in question. *Bogie v. Bogie*, 41 Wis. 209; *Bresnahan v. Bresnahan*, 46 Wis. 385; *Blake v. Blake*, 56 Wis. 392; *Delong v. Delong*, 56 Wis. 514; *Divan v. Loomis*, 68 Wis. 150; *Stoel v. Flanders*, 68 Wis. 256; *Hartstein v. Hartstein*, 74 Wis. 1; *Dickson v. Field*, 77 Wis. 439. See, also, *Martin v. Martin*, 44 Kan. 295.

Morgan vs. Loomis and others.

· The principles upon which the rule is based are exhaustively considered in the cases cited, and need no repetition. It is enough to say that they go upon the theory that property thus conveyed shall remain intact for the security of the conditions thus annexed to the grant. The decision of the trial court, however, seems to have been based upon the theory that the property thus conveyed should be held, and the same or its equivalent should from time to time, as circumstances required, be expended for the support, maintenance, etc., of the grantor, with the right to permanently retain all not so expended; but that in case such grantee at any time found it for his advantage, interest, or convenience not to further execute such trust, then he should be at liberty to refuse further·performance, and reclaim all he had expended, less rents and profits actually received. This would not only be unjust to confiding age, but contrary to the rule thus established by this court. We are inclined to think, however, that it is no violation of that rule to allow the defendants for the $150 expended in making permanent improvements on the land, less the $50 damage to the premises by reason of timber cut and removed therefrom. *Blake v. Blake,* 56 Wis. 392; *Delong v. Delong,* 56 Wis. 514.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment setting aside said deed and agreement, and adjudging title to the land in the plaintiff, subject to the payment at her death, or sooner · at her option, of the sum of $100.