Argued 29 March; Decided 30 April, 1898.

## PATTON v. NIXON.

[ 52 Pac. 1048 ]

1. EQUITY — MULTIPLICITY OF SUITS.— Equity will grant relief to one who has made a conveyance of property in consideration of her future support, although the plaintiff has a remedy at law, and to avoid a multiplicity of actions will make the maintenance of the plaintiff a charge upon the premises. *Watson* v. *Smith*, 7 Or. 448, cited.

2. DECREE — ISSUES MADE BY THE PLEADINGS.— A decree which charges the plaintiff's maintenance upon land conveyed by her in consideration of future

support is within the issue made by the pleadings where it is alleged that to secure a home and care the plaintiff transferred her property as a gift, and the reply denies that the defendant agreed to clothe and support the plaintiff in consideration of the title received.

From Washington : THOMAS A. McBRIDE, Judge.

Suit by Mary Patton against her daughter Mary F. Nixon and another for the re-conveyance of land. There was a decree for plaintiff, and defendants appeal.

MODIFIED.

For appellants there was a brief and an oral argument by *Mr. Samuel B. Huston.*

For respondent there was a brief and oral argument by *Messrs. Thomas H. Tongue* and *John T. Whalley.*

Mr. Chief Justice MOORE delivered the opinion.

Plaintiff alleges that on June 14, 1894, plaintiff being the owner in fee and in possession, by her tenants, of lots 1 and 2 in block 15, and lots 1, 2, 3, and 4 in block 16, in the city of Forest Grove, having two houses and a barn thereon, defendant, representing that said tenants were insolvent, had not paid the rent reserved, and could not be dispossessed unless the premises were conveyed to another, promised that, if a deed therefor were executed to her, she would care for the property, collect rents, hold the legal title thereto in trust for plaintiff, and reconvey the same upon being requested so to do ; that on said day, plaintiff's mind being very weak in consequence of her extreme age, feeble constitution, and recent illness, she was incapable of fully comprehending the nature of her acts, and, believing and relying upon said representations, she, without any consideration therefor, executed to defendant a conveyance of said premises ; that, prior to the

commencement of this suit, plaintiff requested defendai to reconvey said property, but the latter refused to do so, agreeing to ay therefor the sum of $3,500, as the purchase price thereof, no part of which has ever been paid. The defendant, after denying the material allegations of the complaint, alleges : " That, at the time mentioned in the complaint, the plaintiff, in consideration of the fact that the defendant had kept and cared for the plaintiff, and paid the taxes on said property for several years, and had kept and cared for the husband of the plaintiff during his last illness for five and one-half months, and had paid his funeral expenses, and had never received any compensation therefor ; and in consideration of the fact that brothers and sisters of this defendant had received large amounts of property from their father's estate, while this defendant had received nothing but two acres of land ; and in further consideration of the fact that this defendant had repeatedly told plaintiff that she would furnish a home and care for plaintiff as long as she lived ; and in further consideration of love and affection and other valuable consideration,— the plaintiff executed said conveyance and transferred said property to this defendant as a gift, and of her own free will and accord, and without any suggestion or representation or solicitation of this defendant.   That plaintiff placed said deed on record, and repeatedly expressed herself to the effect that the same was a gift, and continued to live with this defendant until about October, 1895, when she was taken from the home of the defendant, in the absence of the latter, and without her knowledge, and taken to the home of her son-in-law, where she has since remained ; that, during all the time which she remained at the home of defendant, defendant provided her with a good home, and kept and

cared for her as tenderly and carefully as possible, and is ready and willing to keep and care for her as long as she lives if she will remain with the defendant.''

The reply having put in issue the allegations of new matter contained in the answer, a trial was had ; and, from the evidence taken, the court found that plaintiff executed said deed in pursuance of defendant's agreement to furnish, during her life, the necessary clothing, support, medicine, and medical attendance, but by reason of plaintiff's incapacity to attend to business, and her inability properly to understand the nature thereof, or the manner of conducting the same, the deed was delivered without taking from the grantee any memorandum evidencing the obligations assumed by her ; that no sum whatever was paid for said premises, nor did any consideration pass to plaintiff from defendant, except the latter's verbal agreement to furnish said support, clothing, medicine, and medical attendance, upon the faith of which agreement plaintiff relied, and without which she would not have excuted the deed ; that defendant has refused to keep or perform her agreement, whereby plaintiff sustained damage equivalent to the reasonable value of such food, clothing, medicine, and medical attendance, which the court found to be the sum of $275 per annum ; and thereupon decreed said sum to be an annual charge and prior lien upon said premises, during plaintiff's life, payable in quarterly installments of $68.75 each, the first becoming due March 20, 1896, from which decree defendant appeals.

1.   It is contended by defendant's counsel that plaintiff had an adequate remedy at law ; and that, having failed to establish the equity upon which she relied, the court erred in retaining the cause and awarding damages ; and that the decree complained of is not within

the issues made by the pleadings, nor supported by the evidence, for which reason it should be reversed, and the suit dismissed. In *Watson* v. *Smith*, 7 Or. 448, a suit was instituted to cancel a deed, in consequence of defendant's alleged failure to support plaintiff and his wife during their lives ; and it was held that, there being no willful violation of the contract, the deed could not be avoided, notwithstanding which a decree was rendered making such support, which formed the consideration for the conveyance, a lien upon the premises so conveyed. True, plaintiff has a remedy at law against defendant for her support, and she could undoubtedly, from time to time, maintain actions therefor ; but equity, in order to prevent this multiplicity of actions will take jurisdiction, and in a single suit award complete relief, making the support, which formed the consideration for the conveyance, a charge upon the premises.

2. The rule that the decree in a suit must correspond with the allegations as well as the proofs is so universal that to cite decisions in support thereof would seem to be pedantic. Examining the pleadings in the light of this rule, it will be observed that the answer alleges that, "in further consideration of the fact that this defendant had repeatedly told plaintiff that she would furnish a home and care for plaintiff as long as she lived, * * * plaintiff executed said conveyance, and transferred said property to this defendant as a gift." This allegation tends to show that the promise of such support afforded in fact the consideration for the conveyance of the property, and, considered in connection with the fact that plaintiff was eighty-one years old when these lots (valued at about $3,500) were conveyed to defendant, is not very much in conflict with the claim therein that the conveyance was a gift. The allegation of support, etc., is denied in the

reply, thus raising an issue upon which the court might very reasonably find from the evidence that defendant agreed to care for, clothe, support, and maintain her mother during her life, in consideration of the title received ; and, such being the case, the decree in this respect is fairly within the issue made by the pleadings. To reach a different conclusion would be equivalent to holding that a confiding mother, very aged and quite feeble, unaccustomed to the methods of transacting business, might deprive herself of every particle of her property by conveying it to her daughter in consideration of the latter's previous promise to furnish her a home, and support her in her declining days, and that thereupon the grantee may deny that any agreement was entered into as a result of such promise, and turn the plaintiff out upon the charity of the public,— a result which would clearly be a denial of justice, and must necessarily shock the conscience of those who believe that right should prevail. The trial court properly held that the allegation of the answer, to the effect that defendant promised to support her mother, ripened into an agreement when the latter accepted the terms thereof, in pursuance of and without which, as the court finds, she would not have executed the deed ; and, this being so, the remaining question is whether there is any evidence tending to show the value of such support. Plaintiff testifies that, prior to said conveyance, she boarded with defendant, and paid her therefor the sum of $4.25 per week ; and, while defendant denies that she ever charged or received any compensation for such board, her sister, Mrs. Bates, testifies that defendant advised her to charge her mother for board, stating that she paid her while boarding with her. At this rate plaintiff's board would be worth $221 per annum, and, as this is all the evidence introduced on that branch of the subject, the decree must be modified, and

one here entered awarding plaintiff the sum of $221 per annum, payable in quarterly installments, at the same time and secured in the same manner as indicated in the decree, which is otherwise affirmed.

MODIFIED.