Argued April 18, decided April 30, 1912.

## STOREY-BRACHER LUMBER CO. *v.* BURNETT.

[123 Pac. 66]

DEEDS—CONSIDERATION—SUPPORT—CONVEYANCE BY AGED PERSONS.

1. Courts will demand of grantees of land strict performance of a contract providing for the maintenance of aged people as consideration for the conveyance.

DEEDS—CONSIDERATION—SUPPORT OF AGED PERSONS—EVIDENCE.

2. In an equitable action to determine the title to land conveyed by aged persons in consideration of a contract for their support and maintenance during life, evidence *held* to show nonperformance by the grantee, and to justify an allowance of $2,500 for the support and maintenance of a grantor.

From Lane: LAWRENCE T. HARRIS, Judge.

This cause is an ejectment proceeding commenced by Isham Burnett against the Story-Bracher Lumber Company, a corporation, Charles W. Stimson, L. G. Gerum and Elizabeth Gerum, his wife, Eugene Finnen and Josie Finnen, his wife. The Story-Bracher Lumber Co. and Charles W. Stimson, by a cross-bill in equity, sought to restrain the prosecution of said ejectment action, and made all of the above named parties, including Isham Burnett, defendants in said suit, and sought to determine the rights of plaintiffs and defendants in the premises described in said cross-bill. The lower court awarded to Isham Burnett, the sum of $2,500 for his maintenance and support during his life.

The defendants L. G. Gerum and Elizabeth Gerum his wife, Eugene Finnen and Josie Finnen, his wife, appeal. A further and more complete statement of facts will be found in the opinion.     AFFIRMED.

For appellants there was a brief with oral arguments by *Mr. W. W. Calkins* and *Mr. Sjur P. Ness.*

For plaintiffs-respondents there was a brief over the names of *Messrs. Thompson & Hardy,* with an oral argument by *Mr. Charles A. Hardy.*

For defendant-respondent there was a brief with oral arguments by *Mr. Lark Bilyeu* and *Mr. John S. Medley.*

MR. JUSTICE BEAN delivered the opinion of the court.

As it appears from the pleadings and evidence, on September 8, 1900, Isham Burnett, who was then 70 years of age, and Minerva N. Burnett, his wife, conveyed the S. ½ of the S. E. ¼, the N. E. ¼ of the S. E. ¼, and lot numbered 2 of section 4, in township 22 S., range 3 west of the Willamette meridian, containing 147.21 acres, to defendant L. G. Gerum and Elizabeth Gerum, his wife. The consideration for the deed was the payment of a mortgage of $200 upon the land, and the agreement of the grantees, their heirs and assigns, to support and maintain the grantors during their natural lives, according to the terms of a written contract executed by the parties at the date of the conveyance, and referred to in the deed. The agreement provided that Mr. and Mrs. Burnett should live in their present home on the land, do their own cooking and housekeeping when able, and, when not able, that Mr. and Mrs. Gerum were to give them such care and attention as they might require, furnish good, wholesome food for their support and maintenance, suitable clothing according to their station in life, medicine and medical attendance, when sick, and a respectable and decent burial at their death. The contract, among other conditions, provided as follows:

"Any violation of the terms of this contract shall work a forfeiture of said deed, and all the rights which might accrue to first parties thereby."

The following provision is contained in the deed from Isham Burnett and wife to Mr. and Mrs. Gerum:

"It is hereby specially reserved in this conveyance that this deed is not to become absolute until the death of both grantors and that said place is to be charged with their maintenance and support during their lifetime according

to the terms of said contract and that a failure of grantees to so maintain and support said grantors shall forfeit all right and interest which might otherwise accrue to the said grantees at the death of said grantors."

For about three years, Mr. and Mrs. Burnett lived upon the land alone, at the end of which time Mr. and Mrs. Gerum moved to the adjoining land, near the Burnetts' home, where they resided until March 10, 1909. They then left the premises to reside some distance away. A short time before this date, Mrs. Burnett died. Mr. Gerum paid the $200 mortgage. On October 29, 1906, L. G. Gerum and wife conveyed the land by warranty deed to one J. O. Storey, who executed a mortgage to Gerum, covering the land, to secure the payment of the sum of $9,000. It was stipulated that this amount should be held subject to the terms of the Gerum contract with the Burnetts. At the time of this conveyance, Storey executed a lease of the land to the Gerums for the term of the natural lives of Mr. and Mrs. Burnett, or either of them. When the Gerums left the land, in March, 1909, they made some arrangements with defendants Finnen and wife to move onto the premises and care for Mr. Burnett. Gerum was to furnish supplies and pay the expenses of the maintenance of the latter. He furnished only about $40 for this purpose. Defendants Finnen and wife moved upon the place and bestowed some care upon Mr. Burnett until the September following, when the latter, not receiving proper attention, moved away from the farm. Since that time, none of the defendants have supported him.

Defendant Isham Burnett commenced an action of ejectment against the plaintiff and the other defendants for the possession of the premises, alleging a breach of contract and forfeiture of the conveyance. Plaintiffs thereupon filed a cross-bill in equity, upon which this suit is based, to determine the rights of the plaintiffs and

defendants in the premises.   The circuit court tried the
cause and awarded Isham Burnett $2,500 for his main-
tenance and support during his life, such sum to be paid
him by the defendants L. G. Gerum and wife, or from
the proceeds of the mortgage on the land.

The trial court found, in effect, that the Gerums failed
to comply with the terms of the contract after March 10,
1909, and that they partially failed before that time; that
the land with the timber thereon is worth now from $4,000
to $4,500; that on December 9, 1909, the expectancy of
life of Isham Burnett was about five years, and that $500
per year would be sufficient for his maintenance.   The
court awarded $2,500 as an equitable amount to be paid
him, either by the defendants Gerum and wife, or by the
plaintiffs, out of the proceeds of the land, in full settle-
ment of the contract, and in lieu of Burnett's interest in
the real estate.   No appeal from this decree was taken by
defendant Burnett; and he is therefore presumed to be
satisfied therewith.   *Bank of Commerce, Limited,* v.
*Bertrum,* 55 Or. 349 (104 Pac. 963: 106 Pac. 444), and
cases there cited.

1. Where a conveyance is made in consideration of the
maintenance of aged people, according to the terms of a
contract like the one in question, it is the duty of the
courts to zealously demand a strict performance of the
conditions of the conveyance on the part of grantees.
*Thomas* v. *Thomas,* 24 Or. 251 (33 Pac. 565) ; *Bryant* v.
*Erskine,* 55 Me. 153; *Patton* v. *Nixon,* 33 Or. 159 (52
Pac. 1048).

Plaintiffs allege that they are willing to do equity in the
matter, and to pay Isham Burnett whatever sum is
adjudged by the court to be due him, in order to relieve
any forfeiture which may be claimed to have been suffered.
They practically hold, as disinterested parties, the $9,000,
subject to the order of the court.

It is needless to incumber the record with a discussion of the circumstances of this case. When L. G. Gerum and wife entered into the contract to care for Mr. and Mrs. Burnett, they knew, or ought to have known, that the time would naturally come when these people would need care and attention similar to that required by a child, which they solemnly covenanted to provide. When the time for real action came, and such care was needed, they quailed and shrank from their duty under the contract, deserting and practically abandoning Mr. Burnett, and failing to care for him, or to procure the same to be done.

2. We think that the evidence fully sustains the findings of the trial court. As some time has elapsed since the rendition of the decree, interest on the amount awarded should be computed from April 17, 1911, the date of the decree. The decree of the lower court is therefore affirmed. Defendant Burnett will recover from L. G. Gerum and Elizabeth Gerum his costs and disbursements in this court.                                   AFFIRMED.

MR. JUSTICE BURNETT took no part in the consideration of this case.