Argued March 3, affirmed March 23, rehearing denied April 20, 1915.

## ROBISON *v.* HICKS.

(146 Pac. 1099.)

**Dower—Bar—Joinder in Deed of Husband.**

1. A wife joining her husband in executing a deed barred her inchoate right of dower; and hence no estate, right, title or interest remained to be conveyed by her subsequent deed after her husband's death.

**Trusts — Enforcement — Consideration — Support of Aged Person — Charge on Land.**

2. Where the grantee named in a deed of land in trust to sell it and apply the proceeds in caring for the aged grantor during her life, with remainder over, neglected or refused to properly maintain the grantor, and an action against him would not have afforded an adequate remedy, a court of equity, upon proper and timely application, might charge the land for such maintenance, if it had not been conveyed.

**Equity—Default Judgment—Vacation.**

3. Defendant in a suit to quiet title, who had an opportunity to set forth by answer the facts subsequently alleged in her complaint as a foundation upon which to assert a lien upon the premises, and in whose pleading nothing appeared to explain a reasonable cause for a default judgment against her, or to excuse her neglect and failure to answer, could not have it set aside.

**Trusts—Estate Conveyed—Fee.**

4. In view of Section 7103, L. O. L., declaring that the term "heirs" or other words of inheritance are unnecessary to create or convey an estate in fee simple, a deed to one in trust to sell the land conveyed an estate in fee.

[As to interest in land with power to dispose of, when amounts to an estate in fee, see note in 49 Am. Dec. 115.]

**Vendor and Purchaser—Support of Grantor—Lien—Action to Enforce —Pleading.**

5. In an action to impress a lien for maintenance on real property which had been previously conveyed to one in fee in consideration of the grantor's maintenance, it was necessary for the complaint to aver that defendants, taking by mesne conveyances, acquired their title with knowledge or notice of plaintiff's claim of lien, in order to let in proof thereof, before the lien could be impressed on the land.

From Jackson: James W. Hamilton, Judge.

Department 1. Statement by Mr. Chief Justice Moore.

This is a suit by Mrs. C. J. Robison against J. E. Hicks, administrator of the estate of Charles Bland, de-

ceased, and others, to set side a decree and to impress an alleged lien on real property. The material averments of the complaint, as to the first cause of suit, are to the effect that on November 2, 1904, John Bailey was the owner in fee simple of lots 1 and 2 in block 35, Coolidge Addition to the City of Ashland, Oregon, and on that day he and his wife executed a deed of the premises to Charles Bland, in trust to sell the land conveying a clear title, and to use the proceeds in caring for Mrs. Bailey during her life, and after her death to give the remainder of the avails, if any, to the defendants Mathew Otter, Wright Bailey, Anna Bland, Mary Young, Joseph W. Bailey and John W. Bailey, which deed was duly recorded November 5, 1904. That two days thereafter John Bailey, the grantor, died intestate, and his estate has never been administered upon, though Charles Bland took charge of all the property thereof and converted it into money, but refused to support or care for Mrs. Bailey or to furnish her with the necessaries of life. That she was quite aged, nearly blind, and unable to wait upon herself, and pursuant to her promise to pay well for the service, the plaintiff, Mrs. C. J. Robison, moved to her house August 19, 1906, and cared for her until May 19, 1908, during which time Bland charged the plaintiff $10 a month as rent of the house and allowed her only $8 a month for the care so bestowed, and that the services so performed were reasonably worth $75 a month, amounting to $1,575, no part of which has been paid. That on March 25, 1908, Mrs. Bailey executed to the plaintiff a deed to lot 1 in the block mentioned, which deed was duly recorded the following day, and that the plaintiff claims a lien on both lots as security for the payment of the sum so stated. That the defendants Eli Albert and wife, by mesne conveyance from Bland, acquired the

title to the west half of such lots, and the defendants J. F. Porter and wife and Mary Netherland and husband secured from the same source the title to the east half thereof. That the defendants who are named in the trust deed as Mr. Bailey's beneficiaries received from Bland the proceeds of the sale of the lots. That on August 1, 1910, Bland died intestate, and on October 11, 1913, the defendant J. E. Hicks was duly appointed administrator of his estate and thereupon legally qualified for the trust. That whatever rights either of the defendants may have secured in or to such lots are subject to the plaintiff's paramount claim of lien thereon.

For a second cause of suit the material averments of the first cause are repeated and it is alleged:

"That on the 25th day of March, 1909, Charles Bland, in his own name and individual capacity, filed a suit in the Circuit Court for the State of Oregon, in and for the county of Jackson, against Mrs. C. J. Robison, plaintiff herein, alleging that he held the fee-simple title to said above-described premises and land, the object of which suit was to quiet the title to said land, said lots 1 and 2, block 35, Coolidge Addition to the City of Ashland, in him, the said Charles Bland, and for a decree declaring that the said Mrs. C. J. Robison had no right, title or interest in and to said premises adverse to the said Charles Bland; and that on April 15, 1909, default was taken in said suit against the said plaintiff, Mrs. C. J. Robison, for want of answer of their plea; and that on May 10, 1909, a decree was entered in said suit and in accordance with said complaint and to the effect that the said Mrs. C. J. Robison had no right, title or interest in and to the said property adverse to the said Charles Bland. To the records and files in said cause this plaintiff refers, and the same being public records they are hereby made a part of this complaint.

"Plaintiff further avers and says that the said Charles Bland, in his individual name and capacity, did

not at that time hold, nor has he or had he at any time, prior or subsequent to the 25th day of March, 1909, the date of filing said complaint, held the fee-simple title or any title at all to said property or any part thereof, and that said suit aforesaid and the allegations in said complaint contained, and all of them, were false and untrue and said decree was obtained by means of deceit, artifice or concealment, with relation to the true facts as to the title of said premises and was a fraud upon the court, this plaintiff, the legatees named in said deed of trust, as set out in paragraph 2 of this complaint, and subsequent purchasers of said property.

"That the said Charles Bland or his representatives or heirs have never asserted any right, interest or title to said premises by virtue of said decree of judgment aforesaid, and do not now claim any right, title or interest thereto by virtue of said decree of judgment."

The remaining averment of the complaint is in substance that the decree referred to was secured by imposition in that the court was not informed as to the facts; and that the determination so reached clouds the title of the defendants who have obtained deeds of the premises, tends to depreciate the value of the land, and prejudices the rights of such owners and of the plaintiff as a lienor.

A demurrer, interposed to the complaint on the ground that it did not state facts sufficient to constitute a cause of suit as to either of the defendants, was sustained, and the plaintiff declining further to plead, the suit was dismissed and she appeals.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief over the names of *Mr. William Valandingham* and *Mr. A. H. Davis,* with an oral argument by *Mr. Valandingham.*

For respondents there was a brief over the names of *Mr. E. D. Briggs* and *Mr. H. V. Richardson,* with an oral argument by *Mr. Briggs.*

Opinion by MR. CHIEF JUSTICE MOORE.

An examination of the allegations of the complaint will show that the deed executed by Mrs. Bailey to the plaintiff was duly recorded March 26, 1908, and imparted notice of the conveyance before Charles Bland instituted his suit against Mrs. Robison to quiet her alleged title.

1. Mrs. Bailey joined her husband in executing the deed to Bland, barring her inchoate right of dower, and hence no estate, right, title or interest remained to be conveyed by her deed to the plaintiff.

2. If, as alleged in the complaint, Bland neglected or refused properly to care for or support Mrs. Bailey, at whose request Mrs. Robison performed that service, and an action at law against Bland would not have afforded an adequate remedy, a court of equity upon proper application when made in due season would probably have imposed upon the land a charge for such maintenance, if the premises had not been conveyed: *Watson* v. *Smith,* 7 Or. 448; *Thomas* v. *Thomas,* 24 Or. 251 (33 Pac. 565); *Patton* v. *Nixon,* 33 Or. 159 (52 Pac. 1048); *Storey-Bracher Lumber Co.* v. *Burnett,* 61 Or. 498 (123 Pac. 66).

3. When Bland instituted his suit against Mrs. Robison to quiet her alleged title to lot 1, she then had an opportunity to set forth by answer the facts which she now alleges in her complaint as a foundation upon which to assert her claim of lien upon the premises. Nothing appears from her pleading to explain a reasonable cause for the default decree which was rendered against her, or to excuse her neglect in failing to answer.

4. It is stated in the complaint herein that such decree was obtained in consequence of Bland's fraud,

which consisted in an averment in his primary pleading in the suit against Mrs. Robison that he was the owner in fee simple of the real property described in the deed executed to him by John Bailey. While there is a diversity of judicial expression as to the extent of the interest in land granted by such deed, authority is not wanting to justify the averment, now charged as fraudulent, that the conveyance to Bland transferred to him an estate in fee in the lots.

"Thus, if land," as said by a noted author, "is conveyed to trustees, without the word 'heirs,' in trust to sell, they must have the fee, otherwise they could not sell. The construction would be the same if the trust was to sell the whole or a part, for no purchasers would be safe unless they could have the fee, and a trust to convey or to lease at discretion would be subject to the same rule. *A fortiori,* if an estate is limited to trustees and their heirs in trust to sell or mortgage or to lease at their discretion, or if they are to convey the property in fee, or divide it equally among certain persons; for to do any or all of these acts requires a legal fee": 1 Perry, Trusts (6 ed.), § 315.

An inspection of what purports to be a copy of the deed executed by John Bailey to Charles Bland, and which is set forth in the complaint, discloses that the name of the grantor is not limited by the word "heirs" or other expression of like import. This omission is unimportant, however, for our statute regulating this subject, reads:

"The term 'heirs,' or other words of inheritance, shall not be necessary to create or convey an estate in fee simple": Section 7103, L. O. L.

5. The complaint does not charge that the defendants, or either of them, who secured by *mesne* conveyance from Bland the entire real property, acquired their title with knowledge or notice of the plaintiff's

claim of lien. It was necessary to aver such fact in order to let in proof thereof before the alleged lien could be established and impressed on the land.

No error was committed in sustaining the demurrer, and the decree is affirmed.

Affirmed.    Rehearing Denied.

Mr. Justice Burnett, Mr. Justice McBride and Mr. Justice Benson concur.