## STEPHENS et al. v. DALY.

(Court of Appeals of District of Columbia. Submitted November 4, 1919. Decided January 5, 1920.)

### No. 3217.

1. **Cancellation of instruments** ⊙⟶1—**Equity will relieve against conveyances for support on nonperformance.**

 Equity will afford some form of relief from conveyances for support on nonperformance of the agreement.

2. **Cancellation of instruments** ⊙⟶57—**Under bill for rescission of conveyance for support, lien may be impressed.**

 Under a bill praying rescission of a conveyance for support on nonperformance of the agreement by reason of death of the grantee, where the estate is small and the expense of accounting necessitated by rescission will be great, equity may impress a lien on the property in favor of the grantor for the carrying out of the contract for support.

3. **Cancellation of instruments** ⊙⟶57—**Lien imposed, instead of rescission, should be imposed only on interest conveyed.**

 On the death of the grantee of an undivided half of land conveyed by her tenant in common, in consideration of the grantor's support and the subsequent failure of such support, equity improperly imposed a lien on the entire estate, instead of the interest conveyed.

Appeal from the Supreme Court of the District of Columbia.

Bill by Alice V. Daly against Francis H. Stephens, executor and trustee, and Dorothea Stephens, by Robert L. Williams, guardian ad litem. Decree for plaintiff, and defendants appeal. Plaintiff dying pending the action, Cornelius T. Daly, her executor, was substituted in her place. Modified and affirmed.

F. H. Stephens, of Washington, D. C., for appellants.

Roger J. Whiteford, of Washington, D. C., for appellee.

ROBB, Associate Justice. In 1890 Alice V. Daly and her daughter, Ida May Daly, purchased premises No. 922 T Street, Northwest, in this city, as tenants in common. The purchase price was $6,000, of which $4,500 was paid in cash. For the next 19 years they shared equally either in the use of the property when occupied by them as a home or in the net rents and profits during the time it was under lease.

In 1909 the mother conveyed her interest or equity to the daughter; the consideration being an agreement by the daughter to provide a home for her mother, with her or at some other place of the mother's choice, and to pay the mother $20 per month for life in addition. This agreement was faithfully performed by the daughter up to the time of her death in 1912. Under the provisions of the daughter's will the entire estate was left in trust, the income and so much of the principal as in the discretion of the executor should be necessary to be applied to the mother's support. Upon the death of the mother the residuum of the estate was to go to third parties. At the time of the daughter's death the property had depreciated considerably in value and was producing no net income.

The bill herein, filed after the daughter's death, prayed a reconveyance to the mother "of her equity in said real estate." The decree impressed a lien upon the entire estate for the continued performance of the terms of the conveyance of the mother's one-half interest to the daughter, directed the payment of $2,700, representing 60 monthly payments of $45 each, beginning with the daughter's death (the mother having testified that board furnished her by the daughter was equivalent to $25 per month), and also directed future payments of $45 per month. Trustees were appointed, who were directed to sell the property for the purpose of carrying out the terms of the decree, anything remaining to be paid to the residuary legatees mentioned in the daughter's will. The mother died February 17, 1918.

[1-3] The jurisdiction of equity is not challenged, nor could it be successfully, for courts have held with substantial unanimity that equity will afford relief from conveyances for support on nonperformance of the agreement, though there has been a divergence of view as to the grounds and form of relief. Russell v. Robbins, 247 Ill. 510, 93 N. E. 324, 139 Am. St. Rep. 342; Wilson v. Wilson, 38 Me. 18, 61 Am. Dec. 227; Eastman v. Batchelder and Wife, 36 N. H. 141, 72 Am. Dec. 295; Morgan v. Loomis, 78 Wis. 594, 48 N. W. 109; Abbott v. Sanders, 80 Vt. 179, 66 Atl. 1032, 13 L. R. A. (N. S.) 725, 130 Am. St. Rep. 974, 12 Ann. Cas. 898; Keister v. Cubine, 101 Va. 768, 45 S. E. 285; 4 R. C. L. p. 519; 18 C. J. 380, par. 439. In the present case the grantor elected to waive the provisions of the grantee's will and to rely upon the terms of the agreement. While a rescission and a restoration of the status quo was prayed, and might have been decreed upon terms, the good faith of the grantee being conceded (Maddox v. Maddox, 135 Ky. 403, 122 S. W. 201; Morgan v. Loomis, 78 Wis. 594, 48 N. W. 109; 6 Pom. Eq. § 688), "the power of a court of equity in a proper case to rescind the contract and restore the property to the grantor would certainly include the power to afford a less drastic relief, if the facts pointed to the latter as more consonant with justice" (Keister v. Cubine, 101 Va. 768, 45 S. E. 285). In that case rescission was prayed, but the court impressed a trust upon the property in favor of the grantor. That a trust may be impressed has been ruled in other cases. Powers v. Powers, 39 S. W. 825, 19 Ky. Law Rep. 266; Storey-Bracher Lumber Co. v. Burnett, 61 Or. 498, 123 Pac. 66; Price v. Hobbs, 47 Md. 359; Doescher v. Spratt,

61 Minn. 326, 63 N. W. 736; Childs v. Rue, 84 Minn. 323, 87 N. W. 918; Chase v. Peck, 21 N. Y. 581.

Should we award a rescission here, equity would demand that the grantor account for the amount received by her up to the time of the grantee's death, and that the grantee account for the net income of the property conveyed to her by the grantor. A further accounting would be necessary from the date of the grantee's death. As the estate is small, and the delay and expense of such an accounting would be considerable, we incline to the view that in the circumstances justice will be done by charging the interest conveyed to the grantee with an equitable lien in favor of the grantor for the carrying out of the contract forming the real consideration for the conveyance. This will necessitate a modification of the decree, since the grantor in no event is entitled to more than the interest she conveyed.

As modified, the decree is affirmed, with costs to appellant.

Modified and affirmed.