ANDERSON, Respondent, vs. ANDERSON and wife, Appellants.

*May 4—June 1, 1942.*

For the appellants there was a brief by *G. P. Gannon* of Rice Lake, attorney, and *Doar & Knowles* of New Richmond of counsel, and oral argument by *W. T. Doar*.

*S. P. Rigler* of Rice Lake, for the respondent.

WICKHEM, J.   On October 5, 1939, plaintiff and his wife, the father and mother of defendant Earl Anderson, entered into an agreement with Earl Anderson and Huldah, his wife, as part of a transaction in which certain real estate was conveyed to defendants by plaintiff and his wife.   The agreement provided in substance that plaintiff and his wife should have the right to live with defendants, receive board, lodging, care, and burial at the expense of the latter who, in addition, engaged to pay insurance, taxes, and general upkeep of the property conveyed.   It was stipulated that the deed to the property was to be held in escrow by Harold T. Thorson, an attorney at Rice Lake.   The agreement provided that upon performance of the contract by defendants the deed was to be delivered to them.   Sometime after the agreement was signed trouble arose between plaintiff and defendants.   On December 16, 1940, matters came to some sort of a climax when plaintiff, after an argument with defendant, Huldah Anderson, had a physical altercation with defendants, during the course of which he was struck by Huldah Anderson with the handle

of a fork. He claims to have suffered substantial injuries. Johanna Anderson died January 2, 1941, and defendants paid her funeral expenses. After the death of Johanna, defendants furnished plaintiff with washing and meals, although plaintiff claims that he spent most of his time away from the place until he finally left it in August, 1941. He claims that he left because he was afraid to stay with defendants.

This is one of those unfortunate family difficulties in which the precise truth is difficult to ascertain. We conclude that the findings of the trial court that defendants so conducted themselves as to breach the agreement and make a continuance of the relations initiated by that agreement impossible, are not against the great weight and clear preponderance of the evidence. Neither do we think that the contract is separable, and so fully performed as to plaintiff's wife as to entitle defendants to a portion of the property involved. The agreement, as we read it, required full performance by defendants as to both plaintiff and his wife in order to entitle defendants to delivery of the deed held in escrow. We hold that the trial court properly concluded that plaintiff was entitled to rescind the agreement and to have it set aside.

The more difficult question is whether the order of the court refusing to condition this relief upon payment by plaintiff of amounts laid out by defendants for improvements and other expenses was proper. The list of items claimed by the defendants is as follows:

| | |
|---|---:|
| Installation of furnace | $229.00 |
| Installation of lighting plant | 50.00 |
| Installing steel fence posts | 36.00 |
| Installing cedar fence posts | 18.00 |
| Fence wire | 16.00 |
| Wood water tank placed in barn | 10.00 |
| Funeral expenses of plaintiff's wife as advanced by defendants | 210.00 |
| Insurance premiums paid | 85.00 |
| Taxes as paid by the defendants | 240.00 |

Of these, the items for funeral expenses for plaintiff's wife, insurance premiums, and taxes are all part of defendants' performance, and under the rule as stated in *Morgan v. Loomis*, 78 Wis. 594, 48 N. W. 109, are not allowable to defendants as a condition to the relief of rescission. On the other hand, by the rule of the same case, and that of *Blake v. Blake*, 56 Wis. 392, 14 N. W. 173, the relief of rescission should be conditioned upon the payment by plaintiff of items of permanent improvement. Plaintiff claims that this issue is not presented by the pleadings for the reason that the answer simply denied any breach and defendants stood upon that issue at the trial. However, we think that it is the duty of the person seeking rescission to do equity, and since here the facts fully appear, the trial court should have imposed the condition clearly called for by the facts. Hence, we conclude that there should have been an allowance for permanent improvements.

From the record it appears that the new furnace, water tank, fence posts, and wiring were such improvements. These total $309. There is also a charge for installation of a lighting plant, but there is no evidence as to the character of this plant or whether it constituted an improvement to the land or a removable chattel. The judgment should be modified by conditioning plaintiff's relief upon the payment by him to defendants of the sum of $309.

*By the Court.*—Order reversed, and judgment modified as indicated in the opinion and as so modified is affirmed. No costs to be taxed upon this appeal, appellant to pay the clerk's fees.