Von Oehsen, Executor, Respondent, vs. Brown and others,
Appellants.

*January 12—January 30, 1912.*

*Mortgages: Deed and agreement to reconvey: Pleading: Cause of action: Foreclosure.*

A conveyance of land subject to an existing mortgage to the grantee, and an agreement to reconvey upon payment of all the interest on that mortgage and certain other sums, were themselves, taken together, a mortgage; and in an action by the representative of the grantee named in the conveyance for strict foreclosure of the agreement to reconvey, the complaint, alleging that the interest on the mortgage first mentioned remains due and unpaid, is *held* to state a cause of action, not for strict foreclosure, but for a statutory foreclosure for such interest. A general demurrer to the complaint was therefore properly overruled, under sec. 2649a, Stats. (Laws of 1911, ch. 354).

Appeal from an order of the circuit court for Grant county: George Clementson, Circuit Judge. *Affirmed.*

The complaint, after stating that John F. Miles died testate, and that plaintiff was duly appointed and has qualified as executor, alleges:

"That on or about the 4th day of February, 1908, at the city of Platteville, Grant county, Wisconsin, the said above named John F. Miles, deceased, and the above named defendants, *George M. Brown* and *Mary T. Brown,* his wife, and James M. Brown, of the city of Platteville, Grant county, Wisconsin, made and entered into certain articles of agreement, in writing, under their hands and seals, and bearing date the 4th day of February, 1908, for the sale and conveyance, by the said John F. Miles, deceased, to the defendants, *George M. Brown* and *Mary T. Brown,* his wife, and James M. Brown, of the land hereinafter described, a true copy of which said articles of agreement is hereto attached and made a part hereof and marked 'Exhibit A.' By said articles of agreement the said John F. Miles, deceased, in consideration of the payment to him of the claim for mechanic's lien filed

by J. O. Hughes & Son, contractors, against the property and real estate hereinafter described; also the payment of the claim for mechanic's lien filed by the Freeport Gas Machine Company against said hereinafter described property; also all of the interest in full on a certain mortgage for $10,000, executed on the 11th day of December, 1906, by the said defendants, *George M. Brown, Mary T. Brown,* his wife, and to the said John F. Miles, deceased, and covering all of lot 10 of the original plat of the city of Platteville, Grant county, Wisconsin, according to the recorded map and plat thereof, except sixteen feet off from the north end of said lot; also all taxes and insurance upon all of the real estate and premises hereinafter described, all of which sums were to have been paid by the said defendants, *George M. Brown* and *Mary T. Brown,* his wife, and James M. Brown, to the said John F. Miles, deceased. And upon the full and complete payment of all of said claim and sums hereinbefore enumerated, the said John F. Miles, deceased, promised and agreed to and with the defendants, *George M. Brown* and *Mary T. Brown,* his wife, and James M. Brown, after and upon condition of the prompt and full performance by the defendants, *George M. Brown* and *Mary T. Brown,* his wife, and James M. Brown, of all their agreements in said articles of agreement, to convey by good and sufficient deed to the said defendant *George M. Brown,* all of the following described lands and premises, to wit: Lot 10 of the original plat of the village (now city) of Platteville, Grant county, Wisconsin, except sixteen feet off from north end thereof, subject to the said mortgage of $10,000, hereinbefore described; also those certain lands in the Homestead Addition to the city of Platteville, Grant county, Wisconsin, heretofore conveyed to the said *George M. Brown* by William Wallers and wife; that in and by said articles of agreement the defendants, *George M. Brown* and *Mary T. Brown,* his wife, and James M. Brown, in consideration of the payment of the said mechanics' liens hereinbefore described, by the said 'John F. Miles, deceased, covenanted, promised, and agreed to and with the said John F. Miles, deceased, to well and truly pay, or cause to be paid, within one year from the date of said articles of agreement, to the said John F. Miles, deceased, all sums which he would be required to pay in order to settle the said claims for me-

chanics' liens, and also to pay him all of the interest in full, upon the said mortgage of $10,000; also to pay all taxes and insurance upon said above described property; that in and by said articles of agreement it was further understood and agreed by the parties thereto, that in the event of the failure of the said party of the second part to pay the various sums hereinbefore set forth, one year from the date of said articles of agreement, that they should forfeit forever all of the right, title, and interest in and to the said lands and premises hereinbefore described, and should vacate said lands and premises without further action on the part of the said John F. Miles, deceased; that said articles of agreement were duly executed by the said John F. Miles, deceased, and *George M. Brown* and *Mary T. Brown,* his wife, and James M. Brown, defendants, and the execution thereof duly acknowledged, so as to entitle the same to be recorded in the office of the register of deeds of Grant county, Wisconsin, and said contract was on the 5th day of February, 1908, at 3 o'clock p. m., recorded in volume 162 of deeds, page 506, in said office of said register of deeds.

"And plaintiff further shows to the court and alleges that at the time of making said articles of agreement the said John F. Miles, deceased, was the owner of said lands and premises, and that said lands and premises are now a portion of the estate of John F. Miles, deceased, and that upon the execution and delivery of the said articles of agreement the defendants, *George M. Brown* and *Mary T. Brown,* his wife, and James M. Brown, went into the occupancy of said lands and premises under and by virtue of said articles of agreement and not otherwise. And the plaintiff further shows that the said defendants, *George M. Brown* and *Mary T. Brown,* his wife, and James M. Brown, have failed to comply with their agreements in said articles of agreement contained, by neglecting and refusing to pay the said claim of J. O. Hughes & Son for lien, which plaintiff alleges amount to $3,390.20 on said February 4, 1908; by neglecting and failing to pay the claim for lien of the Freeport Gas Machine Company, which said claim on February 4, 1908, amounted to $279.95; by neglecting and failing to pay any insurance upon said above described real estate, and that there is now due, according to said articles of agreement, the sum of

$3,390.20 and interest thereon at the rate of six per cent. per annum from February 4, 1909; the sum of $279.95 and interest thereon at the rate of six per cent. per annum from February 4, 1909; the interest on the $10,000 mortgage from December 11, 1906, at the rate of six per cent., less the sum of $300 interest which was paid June 11, 1907; the taxes on said real estate and premises, amounting to $1,010.39; the sewerage taxes, amounting to $332.84; insurance upon said real estate and premises, amounting to $——; that the said defendants, *George M. Brown* and *Mary T. Brown*, his wife, and James M. Brown, have neglected and failed to pay any of the aforesaid sums, or any interest thereon; that the plaintiff, as such executor of the last will and testament of said John F. Miles, under and by virtue of said last will and testament of said John F. Miles, deceased, is entitled to the possession of all the real estate and premises belonging to the estate of the said John F. Miles, deceased.

"Wherefore the plaintiff demands judgment that the defendants, *George M. Brown* and *Mary T. Brown*, his wife, and James M. Brown, and all persons claiming under them by virtue of said articles of agreement, be adjudged to have abandoned and given up all right, title, and interest in and to the lands and premises described in said articles of agreement, and all right of action upon or growing out of the same, and that the defendants be forever debarred and foreclosed of and from all right and claim to said premises, and that the plaintiff recover speedy possession of said premises and the appurtenances, and that he recover from the said defendants, *George M. Brown* and *Mary T. Brown*, his wife, and James M. Brown, his costs and disbursements in this action."

Exhibit A referred to was duly signed, witnessed, and acknowledged, and reads as follows:

"This agreement, made and concluded this 4th day of February, 1908, by and between John F. Miles, of the city of Platteville, Grant county, Wisconsin, party of the first part, and *George M. Brown, Mary T. Brown*, his wife, and James Brown, of the city of Platteville, Grant county, Wisconsin, parties of the second part, witnesseth: that whereas the said parties of the second part have this day executed and

delivered unto the said party of the first part a deed to all of lot 10 of the original plat of the village (now city) of Platteville, Grant county, Wisconsin, excepting sixteen feet off the north end thereof, subject to a mortgage of $10,000 now existing upon the said lands and premises in favor of the said party of the first part; and have also executed and delivered to the said party of the first part a deed to all of those certain lots in the Homestead Addition to the city of Platteville, Grant county, Wisconsin, heretofore conveyed to the said *George M. Brown* by William Wallers and wife; as a consideration therefor the said party of the first part agrees to pay or take up the claim for mechanic's lien filed by J. O. Hughes & Son, contractors, against the said property, and also to pay or take up the claim for mechanic's lien filed by the Freeport Gas Machine Company.

"Now, therefore, if the said parties of the second part shall repay to the said party of the first part, within one year from this date, all money which he shall be required to pay in order to settle the said claims for mechanics' liens filed against the said property, and shall also pay to him all of his interest in full upon the said mortgage of $10,000, and shall also pay all taxes and insurance upon said above described property, then and in that case the said party of the first part agrees to reconvey the said lands and premises, subject to his said mortgage of $10,000, to the said *George M. Brown.* And in the event of the failure of the said parties of the second part to pay the various sums heretofore set forth, one year from date hereof, they shall forever forfeit all right, title, and interest in and to the lands and premises herein described, and shall vacate the said lands and premises without further action on the part of the party of the first part."

The defendants entered a general demurrer to the complaint and from an order overruling the same they appealed.

For the appellants there was a brief by *Kopp & Brunckhorst,* and oral argument by *L. A. Brunckhorst.*

*D. J. Gardner,* for the respondent.

Vinje, J. The agreement Exhibit A shows that the deed, executed at the same time, was in fact a mortgage given to

secure the interest due or to become due on the $10,000 mortgage and the sums to be advanced by Miles to pay claims for mechanics'. liens, taxes, and insurance.  Even if the complaint be construed as containing no specific allegations that Miles or the plaintiff paid the claims for mechanics' liens, it does allege that interest on the $10,000 mortgage remains unpaid and is now due.  The deed being in fact a mortgage, plaintiff is not entitled to a strict foreclosure, but he has stated a cause of action for a statutory foreclosure for at least the interest due on the $10,000 mortgage which the deed was given to secure, and the demurrer was therefore properly overruled.  Sec. 2649a, Stats. (Laws of 1911, ch. 354).

*By the Court.*—Order affirmed.